HENRY JOHR ET AL. v. BOARD OF SUPERVISORS OF ST. CLAIR COUNTY.

*County may sue in name of board of supervisors—Plea in abatement for misnomer—Amendment.*

A county may sue in the name of the board of supervisors upon the bond given to the board by the county treasurer.

An objection that a county should have sued in its own name instead of in that of the board of supervisors is waived if not pleaded in abatement.

The statute of amendments cures the defect, if any, of declaring in the name of the board of supervisors instead of in that of the county; and the court may make the necessary correction.

Error to St. Clair. Submitted Jan. 31. Decided April 3.

ASSUMPSIT under special counts against the sureties on an official bond. Defendants bring error.

*O'Brien J. Atkinson* for plaintiffs in error.

*Alex. R. Avery* for defendant in error.

GRAVES, J. At the fall election of 1864 Johr was elected treasurer of St. Clair county for two years from the first day of the ensuing January, and on the 31st of December he gave his official bond, the other plaintiffs in error joining as sureties.

This instrument following the act of 1859 (Sess. L., 1859, p. 96) was made to the board of supervisors and not in terms to the county.

He also gave a bond to the Auditor General under the statute (Comp. L., § 1063). In the course of his term he made large sales for delinquent taxes, but failed to pay over between seven and eight thousand dollars, and the people proceeded to judgment upon the bond given to the Auditor General for the purpose of recovering in that mode the sum in arrear. The attempt failed. Nothing could be collected from the obligors.

Thereupon the State contended that the county was responsible for the loss to its treasury by means of Johr's default, and accordingly applied to this court for process to compel the board of supervisors to levy the requisite amount of the tax-payers without delay, and the application was granted. The liability of the county was fixed, and the debt arising to the State in consequence of Johr's default became the debt of the county, and the immediate cause was the violation on the part of Johr of a trust and duty in his office which the bond to the board of supervisors both in terms and intent contemplated and provided for.

In this state of things a suit was brought in 1875 on this last mentioned bond to make the county whole as against the loss arising from Johr's default, and pursuing the statute which declares that "the name in which the county shall sue or be sued shall be, The board of supervisors of the county of ——" (Comp. L., § 458), the suit was instituted in the name of the board of

supervisors instead of being in the name of the county. The plaintiffs in error pleaded to the merits and the cause was tried without a jury. The judge found the facts and awarded judgment upon them against the plaintiffs in error.

It is not certain that the course of proceeding has been such as to require us to notice the only question much urged here. But as the defendants in error have assumed that the question is before us we deem it best to refer to it.

It is claimed that the statutory provisions under which the bond in suit was given and prosecuted were enacted before the present Constitution and were and are inconsistent with that instrument and that the action should have been in the name of the county and not in that of the board; and reference is made to Comp. L., § 6624, being § 1 of ch. 119 of the Revised Statutes of 1846, which ordains that "In all cases *not otherwise provided by law,* action may be brought by the board of supervisors of a county," and also to § 1 of article 10 of the Constitution, where it is declared that "All suits and proceedings by or against a county shall be in the name thereof."

It is very obvious that these provisions are not incompatible. The very terms of the statute are sufficient to preclude conflict. Were it admitted that each provision was meant to apply to causes of action inuring to the county as an ideal existence distinct from the board of supervisors, and still the clause of the Constitution, being another provision of law, would render the statute inapplicable in obedience to its own terms.

But as stated heretofore the authority relied on for bringing the action in the name of the board is Comp. L., § 458 and not § 6624. That provision was in force as § 27 of ch. 13 of the Revised Statutes of 1846, when the present Constitution was adopted and when it took effect. It has not been changed. In 1855 an action was brought in the circuit court of the United States by

Lyell against the "Board of Supervisors of the County of Lapeer," on a county order, and after verdict for the plaintiff a motion was made for a new trial, and it was contended that the board was not a corporation and that the statute of 1846 was superseded by the provision of the Constitution. Opinions were given by both judges and they concurred in holding distinctly that the statute under which this suit was brought in the name of the board of supervisors was not superseded by the Constitution and that the suit against the county upon its order was not caused to be erroneous by being entitled against the board of supervisors. 6 McLean, 446. This case is an authority directly in point. The court were of opinion that the Constitution left the statute in force, and we think this view a reasonable one. Still as it is possible that a corporation may at the same time be denoted by a geographical title and also by the style of its official board it is not intended to say that the action might not have been well brought in the name of the county. We think it might. But let it be assumed that the provision of the Constitution was mandatory to litigants and applied to proceedings on this bond and that this suit ought to have been instituted in the name of the county. The objection admits that the obligation prosecuted belongs to the county and not to the board as a distinct organism, and that the action is virtually an action by the county, and by the county alone. Indeed it could not be denied. The suit is by the county in the name of the board of supervisors of the county upon a county obligation. It was so brought under color of an act virtually prescribing that for the purpose of suing and being sued, the county should be called "the board of supervisors of the county of St. Clair." There has been no room for dispute in regard to actual identity. There can be none. However called or named the plaintiff is the county of St. Clair.

The true objection then is, that there is a misnomer; that the plaintiff below ought to have been designated

The County of St. Clair and not The Board of Supervisors of the County of St. Clair.

Now the twenty-fifth rule prescribed by this court for the circuit court contemplates that such an objection ought to be raised by plea in abatement, and the statute (Comp. L., § 6549) says that "In suits or proceedings by or against any corporation, a mistake in the naming of such corporation shall be pleaded in abatement; and if not so pleaded shall be deemed to have been waived," and this court in *Smith v. Village of Adrian*, 1 Mich., 495, in applying the next section but one preceding, to a municipal corporation plaintiff, virtually admitted that the section quoted was applicable to such corporations.

That the objection was not pleaded we have seen already and it may be added that it was not even suggested in the notices given with the general issue. The point if material was therefore waived. But the objection is subject to another consideration.

Conceding as before that in designating the plaintiff there was an error in the name, and supposing it not to have been waived, and still the judgment could not rightly be reversed on that account. *Dr. Ayray's Case*, 11 Co., 21.

The doctrine of *Final v. Backus*, 18 Mich., 218, and *Kimball & Austin Manufacturing Company v. Vroman*, 35 Mich., 310, covers the case. The name was subject to be made right by amendment, and the court has power to make any necessary correction. Comp. L., § 6052.

The remaining objections suggested against the recovery are with propriety not pressed. They are scarcely plausible. The suit is based upon an actual breach of the bond given to the board of supervisors pursuant to the statute, and the breach is found. The alleged cause of action is made out. No error being shown, the judgment must be affirmed with costs.

The other Justices concurred.