STRICKER v DEPARTMENT OF STATE HIGHWAYS

Docket No. 78-4953. Submitted November 14, 1979, at Detroit.—Decided April 1, 1980.

Bruce D. Stricker's truck became stuck on railroad tracks at an intersection. A train hit Stricker broadside causing serious injuries and loss of his arm. Stricker sued Grand Trunk Western Railroad Company, Macomb County Road Commission and other defendants in Macomb Circuit Court. He also filed a complaint against the State Highway Department in the Court of Claims, where he moved for consolidation of the circuit court and the Court of Claims actions. His claims were based upon negligent design, maintenance and control over a railroad crossing. The Court of Claims, John W. Baker, J., granted summary judgment to the State Highway Department on the basis that the railroad tracks were under the exclusive jurisdiction of the Macomb County Road Commission. As a result of the summary judgment, no decision was made on plaintiff's motion for consolidation. Plaintiff appeals. *Held:*

1. The jurisdiction over a road is often a question of fact. It is possible for a county to have jurisdiction and for the State Highway Department to have concurrent jurisdiction. Where an injured plaintiff sues for damages resulting from a roadway accident, he should be given an opportunity in court to prove whether there is liability in the state, the county, or both. The grant of summary judgment was improper. On remand, the question of jurisdiction should be determined in a single forum with a circuit judge sitting as trial judge in the Court of Claims and also sitting to hear the case against the Macomb County Road Commission. This joinder of the separate actions promotes the administration of justice because it avoids the possibility of inconsistent findings and eliminates the litigation of issues in separate forums where common issues of fact and law exist with respect to the two actions.

Reversed and remanded to the Macomb Circuit Court for further proceedings.

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Highways, Streets, and Bridges § 340 *et seq.*
[2] 40 Am Jur 2d, Highways, Streets, and Bridges §§ 204, 582.
[3] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 271, 579.
[4] 1 Am Jur 2d, actions § 122 *et seq.*

1. HIGHWAYS — ACTION FOR DAMAGES — GOVERNMENTAL AGENCIES —
   NEGLIGENCE — LIABILITY — STATUTES.

   A person may recover damages from a governmental agency
   where he sustains bodily injury or property damage by reason
   of the agency's failure to keep any highway under its jurisdic-
   tion in reasonable repair and in condition reasonably safe and
   fit for travel (MCL 691.1402; MSA 3.996[102]).

2. HIGHWAYS — JURISDICTION OVER ROADS — COUNTY JURISDICTION —
   STATE JURISDICTION — LIABILITY — QUESTION OF FACT.

   The fact that a county maintains jurisdiction over a road does not
   totally eliminate the possibility that the state highway depart-
   ment could also maintain concurrent jurisdiction over the road;
   therefore, the jurisdiction over a road is a question of fact and
   an injured plaintiff, suing for damages on a claim of negligent
   design or maintenance and control, should be given an opportu-
   nity in court to prove whether there is liability in the state, the
   county, or both.

3. HIGHWAYS — JURISDICTION — ACTIONS AGAINST COUNTY — AC-
   TIONS AGAINST STATE — COMMON ISSUES — CONSOLIDATION OF
   ACTIONS.

   The question of whether a county or state highway department
   has jurisdiction over a road should be determined in a single
   forum to avoid the possibility of inconsistent findings and to
   eliminate the litigation of issues in separate forums where
   common issues of fact and law exist with respect to two or
   more actions arising out of the same accident.

4. COURTS — COURT OF CLAIMS — CIRCUIT COURT ACTIONS — JOINDER
   OF ACTIONS — STATUTES.

   Cases in the Court of Claims may be joined for trial with cases
   arising out of the same transaction or series of transactions
   which are pending in any of the various circuits of the state
   (MCL 600.6421; MSA 27A.6421).

*Lopatin, Miller, Bindes, Freedman & Bluestone*
(by *Michael Gagleard),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Carl K. Carlsen*
and *Robert J. Eisenberg,* Assistants Attorney Gen-
eral, for defendant.

Before: R. B. BURNS, P.J., and M. F. CAVANAGH and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. While crossing a railroad intersection on 24 Mile Road in Macomb County, plaintiff's truck became stuck on the tracks because they were situated on an incline and covered with ice. A train hit plaintiff broadside, causing him to suffer permanent burns and scarring over half his body as well as other injuries, including the loss of his arm.

Plaintiff instituted suit against the Grand Trunk Western Railroad Company, Macomb County Road Commission, and other named defendants in the Macomb County Circuit Court. He filed against the State Highway Department in the Court of Claims where he also moved for consolidation of the circuit court and Court of Claims actions. The Court of Claims granted the State Highway Department summary judgment on the basis that the railroad tracks were under the exclusive jurisdiction of the Macomb County Road Commission. As a result thereof, it did not find it necessary to decide on the motion for consolidation. Plaintiff appeals as of right.

MCL 691.1402; MSA 3.996(102) provides:

"Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency."

Plaintiff's claims involve negligent design, maintenance and control over a railroad crossing pursuant to MCL 247.822; MSA 9.216(102), an executive order transferring the Public Service Commission's

railroad regulatory function to the State Highway Department.

MCL 247.652; MSA 9.1097(2) and MCL 247.655; MSA 9.1097(5) require the Board of County Road Commissioners to certify those roads selected as county primary and county local roads. An affidavit from the engineer of the local government division of Michigan Department of State Highways and Transportation stated that 24 Mile Road was certified by the Macomb County Road Commission as being under their jurisdiction. Furthermore, the county highway engineer from Macomb County Road Commission stated that said roadway was under Macomb County Road Commission jurisdiction. Nevertheless, there were conflicting affidavits which would indicate a question of fact as to jurisdiction over the road. This Court has held that the jurisdictional nature of a road is a question of fact. *Robinson v Emmet County Road Comm,* 72 Mich App 623, 641; 251 NW2d 90 (1976).

While we do not hold that because the State Highway Department has authority over the public entities responsible for maintaining safe railroad crossings it has jurisdiction over the crossings of roadways themselves, we do feel that genuine issues as to material facts exist in the instant case. We feel plaintiff should be given an opportunity in court to prove whether there is liability either of the state, the county, or both. The fact that the Macomb County Road Commission maintains jurisdiction over the road in question does not totally eliminate the possibility that the defendant State Highway Department could also maintain concurrent jurisdiction over the road.

We also find that the question of jurisdiction should be determined in a single forum in which a circuit judge sitting simultaneously as trial judge

in the Court of Claims will have before him all relevant pleadings, affidavits, depositions, testimony, and briefs with respect to the question of jurisdiction. This would avoid the possibility of inconsistent findings, *i.e.,* the Court of Claims finding that the State Highway Department did not have jurisdiction and the circuit court finding that the Macomb County Road Commission did not have jurisdiction while obviously one or the other or both did have jurisdiction. MCL 600.6421; MSA 27A.6421 provides:

"Cases in the court of claims may be joined for trial with cases arising out of the same transaction or series of transactions which are pending in any of the various circuits of the state. A case in the court of claims shall be tried and determined by the judge even though the circuit court action with which it may be joined is tried to a jury under the supervision of the same circuit judge."

Plaintiff suffered a single indivisible injury as a result of the automobile accident in question. It would be manifestly unjust and inequitable to force him to litigate the issues revolving around MCL 691.1402; MSA 3.996(102) in separate forums when there are obviously common issues of fact and law with respect to the two actions. Moreover the State Highway Department would not be prejudiced in that it would still have the opportunity to fully argue its position with respect to jurisdiction. Consolidation would promote the convenient administration of justice within the meaning of GCR 1963, 206.1(2). *Freissler v State Highway Comm,* 53 Mich App 530; 220 NW2d 141 (1974).

Reversed and remanded to the Macomb County Circuit Court for proceedings consistent with this opinion. No costs, a public question being involved.