HINER v STATE HIGHWAY COMMISSION

HINER v JELINEK

Docket Nos. 78-4941, 78-5102, 78-5103. Submitted November 14, 1979, at Detroit.—Decided April 1, 1980. Leave to appeal applied for.

Danny Hiner and Lorri Hiner were injured and Vicki Duggan was killed when Danny Hiner's automobile slid out of control on an icy bridge and was struck by another vehicle driven by Joseph Jelinek and owned by Jelinek's employer, Joggle Tool & Die Company. Actions for damages were brought by the Hiners, Darlene Duggan for herself and as administratrix of the estate of Vicki Duggan and Darlene's husband Harold Duggan in both the Macomb Circuit Court and the Court of Claims. Defendants in the circuit court actions were Jelinek, Joggle Tool & Die, Lawrence Oehmke, individually and as chairman of the Macomb County Road Commission and others including the State Highway Commission. Defendant in the Court of Claims was the State Highway Commission. The Macomb Circuit Court, Robert J. Chrzanowski, J., granted summary judgment to the Macomb County Road Commission on the grounds that the bridge was under the jurisdiction of the State Highway Commission and granted accelerated judgment to the State Highway Commission on the grounds that jurisdiction of the action was in the Court of Claims. The Court of Claims, James G. Fleming, J., granted summary judgment to the State Highway Commission, holding that jurisdiction of the bridge was under the Macomb County Road Commission. Plaintiffs appeal from both courts, and the appeals were consolidated. *Held:*

1. Defendant Oehmke objects to the appeal from circuit court on the basis that the Macomb County Road Commission was not a named defendant in the action. Although the Macomb County Road Commission itself was not named as a defendant, Oehmke obtained the summary judgment for it by arguing the

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 553, 590, 591, 592.
[2] 46 Am Jur 2d, Judgments §§ 231, 379, 404.
[3] 39 Am Jur 2d, Highways, Streets, and Bridges § 199 *et seq.*

merits. There was no objection at trial to the misnomer, and the issue is waived for purposes of the appeal.

2. Plaintiffs appealed from the final order of the circuit court in a timely manner.

3. The Court of Claims erred in granting summary judgment to the State Highway Commission. A genuine issue of fact exists as to whether the state or the county has jurisdiction over the bridge.

4. The question of jurisdiction over the bridge should be decided in a single forum. Therefore, the actions are to be consolidated upon remand to the circuit court.

Reversed and remanded to the Macomb Circuit Court.

1. APPEAL — PLEADING — NAME OF PARTY — PRESERVING ISSUE.
   Failure to object in the trial court to a mistake in the designation of a defendant, where service was proper and where it was clear who the plaintiffs intended to reach, precludes consideration of the issue of the misnomer on appeal.

2. JUDGMENTS — ORDERS — REVISION OF ORDERS — COURT RULES.
   A partial disposition of a case does not terminate the action as to any of the claims or parties unless the court directs the entry of a final judgment; an order of a trial court may be revised at any time before entry of a judgment adjudicating all the claims and all the rights of all the parties (GCR 1963, 518.2).

3. HIGHWAYS — JURISDICTION — QUESTION OF FACT.
   The question of jurisdiction over a road is a question of fact.

*George J. Parish,* for Danny Hiner.

*Lopatin, Miller, Bindes, Freedman & Bluestone* (by *Michael Gagleard),* for plaintiffs Lorri Hiner, Darlene Duggan and Harold Duggan.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Carl K. Carlsen* and *Robert J. Eisenberg,* Assistants Attorney General, for the State Highway Commission.

*Freeman, McKenzie, Matthews, Scherer & Stepek, P.C.,* for defendant Oehmke.

Before: R. B. BURNS, P.J., and M. F. CAVANAGH and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. Plaintiff Danny Hiner's car slid out of control on an icy bridge and was hit by another vehicle. Danny and Lorri Hiner were seriously injured and Vicki Duggan was killed. The bridge spans the I-94 expressway and is located on County Line Road, the common border of Macomb and St. Clair counties. Negligence actions were filed against the other driver, his employer and also against the county and state agencies for failure to post signs or give adequate warning of the dangerous and/or defective condition of the highway, particularly during inclement weather, which rendered it unsafe and unfit for travel. The pleadings, filed in Macomb County Circuit Court, listed as defendants: Joseph Jelinek; Joggle Tool & Die Co, a Michigan corporation; Lawrence Oehmke, individually and as Chairman of the Macomb County Road Commission; John Zoccola as Chairman of the Macomb County Board of Commissioners; U. Grant Burch, individually and as Chairman of the St. Clair County Road Commission; James Corden, individually and as Chairman of the St. Clair County Board of Commissioners; and the State of Michigan, State Highway Commission; jointly and severally.

The Macomb County Road Commission (MCRC), through its chairman Lawrence Oehmke, obtained summary judgment on grounds that the bridge was under the exclusive jurisdiction of the State Highway Commission. The State Highway Commission obtained accelerated judgment on the grounds that the Court of Claims had exclusive jurisdiction in actions against the state. Plaintiffs moved for reconsideration of the order dismissing the MCRC. They also filed suit against the State

Highway Commission in the Court of Claims and requested that the suit be moved to Macomb County Circuit Court and consolidated with the actions pending there. The Court of Claims found it unnecessary to rule upon the motion to consolidate as it granted summary judgment for the State Highway Commission on the basis that MCRC had jurisdiction over the bridge.

Plaintiffs appeal from the Macomb Circuit Court's "amended order for summary judgment on behalf of the Macomb County Road Commission" and from the Court of Claims grant of summary judgment for the State Highway Commission. Defendant Oehmke objects to this appeal on the basis that the MCRC was never a named defendant in this action. Apparently, plaintiffs and defendants originally understood the naming of Lawrence Oehmke to include the Commission. This is contrary to MCL 224.21; MSA 9.121 which provides in relevant part:

"Actions arising thereunder shall be brought against the board of county road commissioners of the county and service shall be made upon the clerk and upon the chairman of the board made defendant therein, which shall be named in the process as the 'board of county road commissioners of the county of * * *.' "

Should this Court find that the MCRC was not a defendant, plaintiffs will not be able to correct the error because of the statute of limitations. There was no objection initially that MCRC was not named in the pleading. A case involving similar principles is *Johr v Board of Supervisors of St Clair County,* 38 Mich 532, 535-536 (1878). In that case suit was instituted by the county in the name of "St. Clair supervisors" instead of the "County of St. Clair". The defendants, Johr, answered to the

merits, but on appeal objected that the county should have sued in its own name. In holding that the defect could be cured by an amendment the Court stated:

"There has been no room for dispute in regard to actual identity. There can be none. However called or named the plaintiff is the county of St. Clair.

"The true objection then is, that there is a misnomer; that the plaintiff below ought to have been designated The County of St. Clair and not The Board of Supervisors of the county of St. Clair."

The Court held the objection to have been waived analogizing that situation to similar ones involving corporations:

" 'In suits or proceedings by or against any corporation, a mistake in the naming of such corporation shall be pleaded in abatement; and if not so pleaded shall be deemed to have been waived.'

\* \* \*

"Conceding as before that in designating the plaintiff there was an error in the name, and supposing it not to have been waived, and still the judgment could not rightly be reversed on that account." *Id.,* p 536.

In *Kimbal & Austin Manufacturing Co v Vroman,* 35 Mich 310 (1877), the pleadings named the defendant as "William A. Tomlinson, as president for the time being of the Kimbal & Austin Manufacturing Company". At trial an amendment was allowed whereby Tomlinson's name and official character were stricken out, and the suit was left to stand as against the company by name. This was excepted to as creating a change of parties. The Court held:

"The statute [of amendment] was not intended to

allow changes in the parties actually supposed and intended to be brought before the court. It is only in case of an undesigned misnomer, and where the interests of substantial justice will allow it, without a real change in the identity of the opposing litigants, that such amendments should be permitted. Where, however, no substantial rights are affected, and it is clear what persons were meant to be reached, the law permits the record to be rectified by affixing the true name to the misnamed party." *Id.,* p 319.

In the instant case no one was ignorant of the real object of the suit. Service was made upon the Clerk and upon the Chairman of the Board as required by statute precisely as it would have been had no mistake been made. Plaintiffs do not argue on appeal that summary judgment was improper as to Lawrence Oehmke, individually, or in his capacity as Chairman of the MCRC. Neither do they seek reversal of that order in their requested relief. This was not an issue in the lower court. The naming of Oehmke as defendant was an undesigned misnomer. No substantial rights of defendants were affected as it was always clear that plaintiffs intended to reach MCRC. Oehmke obtained summary judgment for the MCRC by arguing on the merits that the State Highway Commission had jurisdiction over the bridge; he did not argue back in 1975 that MCRC was not a properly named defendant to the suit. The objection was not pleaded then and it may not be pleaded now. The issue is waived.

Oehmke's procedural arguments are without merit. GCR 1963, 518.2 provides that a partial disposition does not terminate the action "as to any of the claims or parties" unless the court directs the entry of a final judgment. It also allows revision of an order at any time before a judgment adjudicating all the claims and all the rights of all

the parties. Under this subrule the trial court had power to revive the orders to make them final. Plaintiffs timely appealed from the final order.

We further find that the Court of Claims erred in granting the state's motion for summary judgment for lack of jurisdiction over the expressway overpass. Genuine issues as to material facts exist. This Court has held that the jurisdictional nature of a road is a question of fact. *Robinson v Emmet County Road Comm,* 72 Mich App 623, 641; 251 NW2d 90 (1976). We also find that the question of jurisdiction should be determined in a single forum in which a circuit judge sitting simultaneously as trial judge in the Court of Claims will have before him all relevant and necessary pleadings, affidavits, depositions, briefs and testimony. This would avoid the possibility of inconsistent findings, *i.e.,* the Court of Claims finding that the State Highway Commission did not have jurisdiction and the circuit court finding that the MCRC did not have jurisdiction while obviously one or the other or both did have jurisdiction. MCL 600.6421; MSA 27A.6421:

"Cases in the court of claims may be joined for trial with cases arising out of the same transaction or series of transactions which are pending in any of the various circuits of the state. A case in the court of claims shall be tried and determined by the judge even though the circuit court action with which it may be joined is tried to a jury under the supervision of the same circuit judge."

Consolidation would promote the convenient administration of justice within the meaning of GCR 1963, 206.1(2). *Freissler v State Highway Comm,* 53 Mich App 530; 220 NW2d 141 (1974). Each plaintiff suffered a single indivisible injury as a

result of the automobile accident in question. It would be manifestly unjust and inequitable to force them to litigate the issues revolving around MCL 691.1402; MSA 3.996(102) in separate forums when there are obviously common issues of fact and law which would be better resolved in one action. Moreover, defendants would not be prejudiced in that they would still have the opportunity to fully argue their positions with respect to jurisdiction.

Reversed and remanded to the Macomb County Circuit Court for proceedings consistent with this opinion. No costs, a public question being involved.