POTES v DEPARTMENT OF STATE HIGHWAYS

Docket No. 67794. Submitted August 3, 1983, at Lansing.—Decided
    September 14, 1983.

Sherril Potes, personal representative of the estate of Herbert J.
    Potes, deceased, brought an action in the Court of Claims
    against the State of Michigan, Department of State Highways
    and Transportation, after decedent died as a result of an
    automobile accident. At the time of the accident, the highway
    was under the jurisdiction of the Genesee County Board of
    Road Commissioners. A separate action was filed in the Gene-
    see Circuit Court against the board. The suit in the Court of
    Claims alleged that the accident occurred as a proximate result
    of design and construction defects which were made while the
    road was under the state's jurisdiction. The Court of Claims,
    Jack W. Warren, J., granted accelerated judgment for defen-
    dant and denied plaintiff's motion to consolidate the two suits
    in the circuit court. Plaintiff appealed. *Held:*

    The governmental immunity act limits liability to the gov-
    ernmental unit having jurisdiction over the road at the time of
    the injury.

    Affirmed.

1. Highways — Governmental Immunity.

    The governmental immunity act limits liability for highway
    maintenance to the governmental unit having jurisdiction over
    the road at the time of the injury (MCL 691.1402; MSA
    3.996[102]).

2. Motions and Orders — Pleading — Labels.

    An incorrectly labeled motion is considered as if correctly labeled,
    absent prejudice to the other party.

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur 2d, Highways, Streets, and Bridges § 103 *et seq.*, 347,
    349, 387.
    57 Am Jur 2d, Municipal, School, and State Tort Liability § 133.
[2] 56 Am Jur 2d, Motions, Rules and Orders § 4 *et seq.*

*Henry M. Hanflik* and *David Melkus,* of counsel, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Carl K. Carlsen* and *Jerrold H. Keyworth,* Assistants Attorney General, for defendant.

Before: Hood, P.J., and Cynar and P. J. Marutiak,* JJ.

Per Curiam. Plaintiff appeals as of right from an order of the Court of Claims granting defendant's motion for accelerated judgment, GCR 1963, 116.1.

Plaintiff's decedent, Herbert J. Potes, died as a result of injuries he sustained in an automobile accident which occurred on Ballenger Highway, south of Miller Road, in Genesee County. Plaintiff filed the complaint in the instant case in the Court of Claims, alleging negligent and defective design, construction, and maintenance of a public roadway, and creation of a nuisance. The complaint also made the following averment: "The governmental agency having jurisdiction over said roadway is the State of Michigan, Department of State Highways and Department of Transportation". Concurrently, plaintiff filed a separate action in circuit court against the Genesee County Board of Road Commissioners.

Defendant moved for accelerated judgment pursuant to GCR 1963, 116.1, subds (1) and (2), maintaining that the state had no jurisdiction over the subject roadway on the date of the accident, and that therefore the court lacked jurisdiction over the subject matter. This motion was accompanied

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

by an affidavit swearing that Ballenger Highway was under the jurisdiction of Genesee County at the relevant time. Plaintiff submitted a counter-affidavit, sworn to by a Genesee County Road Commission official. The counter-affidavit alleged that from 1953-1954, and again from 1968-1969, the state had assumed jurisdiction over the roadway for the purpose of implementing certain expressway projects and that during these time periods the state had relocated, redesigned, and reconstructed the highway prior to restoring jurisdiction to the county.

Before defendant's motion was heard, plaintiffs moved to consolidate this suit with the case pending in Genesee County. Since the Court of Claims judge granted defendant's accelerated judgment motion, he never ruled on the motion to consolidate.

On appeal, plaintiff contends that the trial court should first have consolidated the cases so that a determination could be made as to which governmental unit was responsible for the alleged design and construction defects. We do not agree. In the wake of the submission of affidavits, there was no longer any dispute that Genesee County had jurisdiction over the road in question at the time of the accident; under these circumstances plaintiff's action against the state was ripe for summary disposition.

MCL 691.1407; MSA 3.996(107) provides:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity

of the state from tort liability as it existed heretofore, which immunity is affirmed."

The design, construction, and maintenance of a highway constitutes the exercise or discharge of a governmental function. *Thomas v Dep't of State Highways,* 398 Mich 1; 247 NW2d 530 (1976). The only statutory exception under which the state could be liable is found in MCL 691.1402; MSA 3.996(102), which provides in relevant part as follows:

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe for travel, may recover the damages suffered by him from such governmental agency. The liability, procedure and remedy as to county roads under the jurisdiction of a county road commission shall be as provided in section 21, chapter 4 of Act No. 283 of the Public Acts of 1909, as amended, being section 224.21 of the Compiled Laws of 1948."

Since the roadway at issue is a county road, MCL 224.21; MSA 9.121 applies. It provides, in part, as follows:

"It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel."

Plaintiff maintains that, having at one time asserted jurisdiction over the road, the state re-

mains liable for any design or construction defects created at that time, notwithstanding the fact that jurisdiction was relinquished to the county prior to the accident. Defendant argues that the governmental immunity act limits liability to the governmental unit having jurisdiction of the road at the time of the accident. We agree with defendant.

The provisions of the governmental immunity act are to be strictly construed. *Bennett v City of Lansing,* 52 Mich App 289, 294-295; 217 NW2d 54 (1974), *lv den* 399 Mich 840 (1977). For this reason several panels of this Court have declined to give the term "jurisdiction", as used in MCL 691.1402; MSA 3.996(102), an expansive definition. See *Austin v City of Romulus,* 101 Mich App 662; 300 NW2d 672 (1980), *lv den* 411 Mich 955 (1981); *Summerville v Kalamazoo County Road Comm,* 77 Mich App 580; 259 NW2d 206 (1977), *lv den* 402 Mich 924 (1978), and *Bennett, supra,* all declining to find that more than one governmental unit had jurisdiction over a particular road for the purpose of MCL 691.1402; MSA 3.996(102).

In the same spirit, we view that statutory exception as parting the immunity curtain only as to the governmental unit having jurisdiction of the subject roadway at the time of the accident. Application of this rule is compatible with the language of MCL 224.21; MSA 9.121, which places the duty to keep county roads in reasonable repair exclusively upon the counties. See *Mullins v Wayne County,* 16 Mich App 365; 168 NW2d 246 (1969), *lv den* 382 Mich 791 (1969). To hold two governmental units responsible for correcting design or construction defects could result in confusion and inefficiency. *Hargis v Dearborn Heights,* 34 Mich App 594; 192 NW2d 44 (1971), *lv den* 386 Mich 751 (1971), cited by plaintiff, is distinguishable as its

factual situation accrued prior to the effective date of the governmental immunity act, MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.*

A procedural matter must now be addressed. In asserting its immunity defense, defendant filed a motion for accelerated judgment, GCR 1963, 116.1, subds (1) and (2). This Court has determined that summary judgment is the appropriate pleading for raising governmental immunity as a tort defense. *Beyer v Fraternal Order of Eagles, Aerie No 668,* 123 Mich App 492; 333 NW2d 314 (1983), and cases cited therein. *Cf. Robinson v Emmet County Road Comm,* 72 Mich App 623; 251 NW2d 90 (1976). Subrule GCR 1963, 117.2(1) will be appropriate where a plaintiff has failed to plead facts in avoidance of immunity. Here, however, such facts were pled; plaintiff's complaint averred that defendant had jurisdiction over the subject roadway.

We believe the appropriate motion for defendant in this case was summary judgment under subrule 117.2(3), testing for the existence of a *genuine* issue of material fact. The clash of affidavits revealed no dispute that Genesee County, and not defendant, had jurisdiction over the road at the time of the accident. At this point the immunity statute rendered any other disputed facts immaterial, and judgment could be entered in defendant's favor as a matter of law. An incorrectly labeled motion is considered as if correctly labeled, absent prejudice to the other party. *Robinson, supra,* p 637; *Birch Run Nursery v Jemal,* 52 Mich App 23; 216 NW2d 488 (1974), *modified* 393 Mich 775; 224 NW2d 282 (1974). We can discern no prejudice to plaintiff and affirm the trial court's judgment.

There was no need for the trial court to consolidate the Genesee circuit court action with this one prior to ruling on defendant's motion. *Stricker v*

*Dep't of State Highways,* 96 Mich App 505; 292 NW2d 240 (1980), and *Hiner v State Highway Comm,* 96 Mich App 497; 292 NW2d 709 (1980), *lv den* 409 Mich 914 (1980), may be distinguished, as in both cases a genuine dispute existed concerning which of two governmental units had jurisdiction over the roads in question.

Affirmed.