## SMITH v DEPARTMENT OF TRANSPORTATION

Docket No. 78055. Submitted March 7, 1985, at Lansing. Decided
January 5, 1987. Leave to appeal applied for.

Following the death of Rebecca Rogers in a motor vehicle acci-
dent, Terry J. Smith, as personal representative of the estate of
Rebecca Rogers, Ramona Rogers, and John Rogers brought two
separate actions. One action was filed in the circuit court
against the Eaton County Road Commission and Quality Dairy,
the owner of the vehicle that struck the decedent. The other
action was filed in the Court of Claims against the Department
of Transportation for negligent highway design and construc-
tion and for nuisance. The actions were consolidated in the
Court of Claims, where the court, Hudson E. Deming, J.,
granted summary judgment in favor of the Department of
Transportation, ruling that the department, at the time of the
accident, lacked jurisdiction over the intersection which was
the scene of the accident, and that plaintiffs did not sufficiently
state a claim of nuisance per se or intentional nuisance. Plain-
tiffs appealed.

The Court of Appeals *held:*

1. Liability for negligent highway design is limited to the
governmental unit having jurisdiction over the road at the time
of the injury.

2. In this case, the record disclosed that, if the department
had jurisdiction over one of the highways during its design and
construction as a requirement of federal funding, such jurisdic-
tion would have terminated with the completion of construc-
tion, well before the date of the accident. Liability, if any, is
therefore limited to Eaton County, since the county maintained
sole jurisdiction over the highways and their intersection at the
time of the accident.

3. Plaintiffs' complaint did not adequately plead a claim of

REFERENCES

Am Jur 2d, Highways, Streets, and Bridges §§ 340-349.
Am Jur 2d, Municipal, School, and State Tort Liability §§ 53 *et seq.*
Liability of governmental entity or public officer for personal injury
or damages arising out of vehicular accident due to negligent or
defective design of highway. 45 ALR3d 875.

nuisance per se or intentional nuisance in avoidance of the department's immunity.

Affirmed.

GRIBBS, J., dissented in part. He agreed that plaintiffs had failed to adequately state a claim of nuisance. However, he would hold that summary judgment on plaintiffs' negligence claim was erroneous since a genuine issue of fact exists as to whether the department had at least concurrent jurisdiction with the county at the time of the highways' design and construction and if the department had such jurisdiction, the fact that such jurisdiction subsequently terminated would not absolve the department from liability if the plaintiffs can prove the highways' alleged defective design or construction was a factual and proximate cause of the decedent's fatal injuries. He would affirm in part and reverse in part.

OPINION OF THE COURT

1. HIGHWAYS — GOVERNMENTAL IMMUNITY.

Liability for negligent highway design is limited to the governmental unit having jurisdiction over the road at the time of the injury (MCL 691.1402; MSA 3.996[102]).

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY GRIBBS, J.

2. HIGHWAYS — GOVERNMENTAL IMMUNITY.

*The highway exception to the governmental immunity act should not be so narrowly construed as to preclude liability of a governmental entity whose negligence has caused the injury simply because jurisdiction is subsequently transferred to another governmental entity; nowhere does the language of the act restrict liability to the governmental entity having jurisdiciton at the time of the injury (MCL 691.1402; MSA 3.996[102]).*

*Zimmer & Dietrick* (by *Noreen K. Myers*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Carl K. Carlsen* and *Myron A. McMillan,* Assistant Attorneys General, for defendant.

Before: Allen, P.J., and Gribbs and T. Gilles-
pie,* JJ.

Allen, P.J. Plaintiffs appeal from the Court of
Claims' order granting summary judgment for
defendant Michigan Department of Transportation
on plaintiffs' claim of negligent highway design
and construction and claim of nuisance. We affirm.

On July 19 1979, plaintiffs' decedent, Rebecca
Rogers, was struck by a truck owned by Quality
Dairy at the intersection of Michigan Avenue and
Creyts Road in Delta Township, Eaton County.
Plaintiffs sued the Eaton County Road Commission
and Quality Dairy in circuit court, and the Michi-
gan Department of Transportation in the Court of
Claims. In their case against the department,
plaintiffs alleged negligent design and construction
of a highway and nuisance. The negligent design
and construction claim was brought pursuant to
the highway liability statute, MCL 691.1402; MSA
3.996(102), the statutory exception to immunity for
defective highways, which provides in relevant
part:

> Each governmental agency *having jurisdiction
> over any highway* shall maintain the highway in
> *reasonable repair* so that it is reasonably safe and
> convenient for public travel. Any person sustain-
> ing bodily injury or damage to his property by
> reason of failure of any governmental agency to
> keep any highway *under its jurisdiction* in reason-
> able repair, and in condition reasonably safe and
> fit for travel, may recover the damages suffered by
> him from such governmental agency. The liability,
> procedure and remedy as to county roads under
> the jurisdiction of a county road commission shall
> be as provided in section 21, chapter 4 of Act No.
> 283 of the Public Acts of 1909. [Emphasis added.]

* Circuit judge, sitting on the Court of Appeals by assignment.

The circuit court and Court of Claims cases were joined by the Court of Claims pursuant to MCL 600.6421; MSA 27A.6421. The department moved for accelerated judgment, which was denied, and later for summary judgment, which was granted. The Court of Claims granted the department's motion for summary judgment pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10), finding that the department lacked jurisdiction over the highways in question, and dismissed plaintiffs' entire complaint.

### NEGLIGENCE CLAIM

Turning first to plaintiffs' claim of negligent design and construction, we must consider whether summary judgment was appropriately granted on the ground that the department lacked jurisdiction over the highways in question. Summary judgment pursuant to GCR 1963, 117.2(3), now MCR 2.116(C)(10), should be granted when there is no serious dispute as to any material facts and the moving party is entitled to judgment as a matter of law. *Reeder v Hammond,* 125 Mich App 223, 227; 336 NW2d 3 (1983). The Court of Claims found that these criteria were met, and granted summary judgment for the department.

From the sketchy facts and record provided by the parties on appeal, it appears that, some years prior to the accident in 1979, federal funds were requested and received by Eaton County for road construction, pursuant to the Federal-Aid Highways Act, 23 USC 101 *et seq.,* which requires the participation of the state highway department in such construction. The limited record presented by both parties on appeal is unclear as to whether the federally-aided construction included either Creyts Road or Michigan Avenue, or both, or their inter-

section. Plaintiffs contend, based on deposition testimony of the engineer-manager of the Eaton County Road Commission (only cryptic parts of which are presented on appeal), that the construction included Michigan Avenue at the Creyts Road intersection where the accident occurred. The department does not dispute the fact that federal funds were involved in the construction of the intersection in question, but argues that federal funding does not by itself confer jurisdiction on the department and, if it does, such jurisdiction ended September 7, 1977.

With its motion for summary judgment the department attached an affidavit categorically stating that the highway in question was not a state highway but was and always had been an Eaton County highway. In rebuttal, plaintiffs submitted the deposition of the engineer-manager of the Eaton County Road Commission that upon receiving the federal aid the county was required to submit to the department the design and construction plans for preliminary review and final approval. At the construction stage, the department prepared bimonthly progress and inspection reports, and construction cost estimates. According to the engineer-manager, the department's involvement continued until the final payment was made to the project's contractor on September 7, 1977. He further testified that Creyts Road was always under county jurisdiction, and that Michigan Avenue was under county jurisdiction in and prior to 1976. He also testified that the later widening of Creyts Road at Michigan in 1979, the year of the accident, was paid for solely with county money.

In further support of its motion for summary judgment the department submitted the affidavit of Henry W. Thomas, establishment and abandon-

ment coordinator for the department, stating that he had custody and control of the records identifying which roads are under the jurisdiction of the department and which roads are under the jurisdiction of all counties and cities in Michigan and that such records disclose that the intersection in question in the instant suit was under the jurisdiction of Eaton County and was "in the same jurisdictional status on and before July 19, 1979." However, the actual records and documents referred to in Thomas' deposition were never presented to the court, nor did plaintiffs execute an affidavit stating that the records under Thomas' control showed anything to the contrary.

Given the above-recited facts, and accepting as true everything recited in the deposition testimony of the Eaton County engineer-manager, and further accepting as true that the federally-aided construction included both Creyts Road and Michigan Avenue and their intersection,[1] we cannot say that the Court of Claims erred in granting defendant's motion for summary judgment. At best, if the department ever had jurisdiction over the intersection in question, it did so only because of the receipt of federal funds and only during the period the road was being designed and constructed. Construction ended upon final payment to the contractor September 7, 1977. The subsequent widening of Creyts Road and Michigan Avenue in 1979 was paid for solely with county money. Thus, based upon the affidavits and deposition testimony, at the time of the accident, jurisdiction rested *solely* with Eaton County. Nothing in plaintiffs' deposition or affidavits reasonably suggests that at the time of the accident the

---

[1] As noted earlier, the record is unclear whether the federal funds received actually covered the intersection where the accident in the instant case occurred.

department and the county maintained concurrent jurisdiction over the highway.

Thus, the question before us is not one of liability where jurisdiction is concurrent. Instead, it is a question whether liability extends to a governmental agency which during the period of design and construction of the highway had jurisdiction, but which at the time of the accident and *for* several years prior thereto did not have jurisdiction. On this issue, though not without dissent, our Court has repeatedly held that liability is limited to the governmental unit having jurisdiction over the road *at the time of the injury. Bennett v City of Lansing,* 52 Mich App 289; 217 NW2d 54 (1974), lv den 399 Mich 840 (1977); *Austin v City of Romulus,* 101 Mich App 662, 668-669; 300 NW2d 672 (1980), lv den 411 Mich 955 (1981); *Potes v State Hwy Dep't,* 128 Mich App 765; 341 NW2d 210 (1983); *Killeen v Dep't of Transportation,* 151 Mich App 7; 390 NW2d 676 (1986), lv gtd 426 Mich 864 (1986).

Both *Potes* and *Killeen* are factually similar to the instant case. In *Potes,* plaintiff's decedent died as a result of injuries sustained in an automobile accident on Ballenger Highway. Plaintiff's complaint alleged that the injuries were caused by the negligent design and construction of the highway at the time the road was under the jurisdiction of the state. However, at the time of the accident, jurisdiction was exclusively with Genesee County. Plaintiff maintained that the state remained liable for any design or construction defects created at the time, notwithstanding the fact that jurisdiction was subsequently transferred to the county. Our Court rejected this argument, stating:

In the same spirit, we view that statutory exception as parting the immunity curtain only as to

the governmental unit having jurisdiction of the subject roadway at the time of the accident. Application of this rule is compatible with the language of MCL 224.21; MSA 9.121, which places the duty to keep county roads in reasonable repair exclusively upon the counties. See *Mullins v Wayne County,* 16 Mich App 365; 168 NW2d 246 (1969), *lv den* 382 Mich 791 (1969). To hold two governmental units responsible for correcting design or construction defects could result in confusion and inefficiency. [128 Mich App 769.]

Similarly, in *Killeen,* plaintiff alleged that in 1969 defendant had assumed jurisdiction over the highway in question in connection with the design and construction of the I-69 and I-75 interchange. Defendant moved for summary judgment asserting that at the time of the accident, November 4, 1980, and for several years prior thereto, the repair and maintenance of the highway had been under the sole jurisdiction of Genesee County. Relying on *Potes,* the trial court granted summary judgment for defendant. This Court affirmed, stating:

Contrary to the clear words of the statute that liability is imposed on governmental agencies which fail "to keep any highway under its jurisdiction in reasonable repair," the dissent argues that liability extends to a governmental agency which some time in the past had jurisdiction. We don't construe the statute that broadly. Had the Legislature intended to impose liability on governmental units which at one time had jurisdiction over a highway but did not have such jurisdiction at the time of the accident, the Legislature could easily have worded the statute to read "failure . . . to keep any highway which *at any time* was under its jurisdiction in reasonable repair." [151 Mich App 11-12.]

On appeal plaintiffs argue that *Potes* is distin-

guishable because in that case it was undisputed that at the time of the accident the highway was under the jurisdiction of the county, whereas in the instant case a question of fact exists as to whether there may be concurrent jurisdiction. However, as described earlier, the deposition testimony of the engineer-manager of the county road commission unequivocally admitted that the state had no involvement with the roadway after final payment was made on the construction project September 7, 1977. Thus, the situation in the instant case is no different than that in *Potes.* In neither case did a question of fact exist as to the possibility of concurrent jurisdiction at the time of the accident.

Plaintiffs also argue that *Potes* is poorly decided and is contrary to *Hargis v Dearborn Heights,* 34 Mich App 594; 192 NW2d 44 (1971). According to plaintiffs *Hargis* is better reasoned and should control since it would be illogical and contrary to legislative intent to allow a governmental agency to defectively design an intersection and thereafter be relieved of the obligation to correct the defects or from any liability for its original negligent conduct. The identical argument was made by plaintiff in *Killeen* and was soundly rejected by the majority opinion of this Court which stated:

> The argument that two authorities could, for purposes of determining liability for an unsafe highway, both have jurisdiction over the road was rejected in *Austin v Romulus,* 101 Mich App 662; 300 NW2d 672 (1980), lv den 411 Mich 955 (1981). Similar results have been reached in *Furness v Public Service Comm,* 100 Mich App 365; 299 NW2d 35 (1980), *Summerville v Kalamazoo Road Comm'rs,* 77 Mich App 580; 259 NW2d 206 (1977), lv den 402 Mich 924 (1978); *Bennett v Lansing,* 52 Mich App 289; 217 NW2d 54 (1974), lv den 399 Mich 840 (1977).

> For similar reasons we disagree with plaintiff
> that *Hargis v Dearborn Heights,* 34 Mich App 594;
> 192 NW2d 44 (1971), lv den 386 Mich 751 (1971),
> should control. . . . Further, we conclude that to
> the extent that *Hargis* conflicts with *Potes, Hargis*
> is rejected. [151 Mich App 12.]

We further note that the argument advanced by
plaintiffs in the instant case is substantially the
rationale in Judge GIOVAN's comprehensive dis-
senting opinion in *Killeen.* However, this was not
the opinion of the majority.[2] Accordingly, we find
no error in the trial court's disposition of plain-
tiff's claim for negligence.

### NUISANCE CLAIM

Plaintiffs next contend that the Court of Claims
erred in granting defendant's motion for summary
judgment on plaintiffs' nuisance claim at the hear-
ing on the motion on the ground that nuisance in
avoidance of immunity had not been sufficiently
pled. At the hearing on the department's motion
for summary judgment, the Court of Claims opined
from the bench that, with respect to the nuisance
claim, plaintiffs had failed to adequately plead
nuisance in avoidance of immunity and stated that
it would grant the department's motion for sum-
mary judgment, presumably pursuant to GCR
1963, 117.2(1), now MCR 2.116(C)(8).

We agree with the Court of Claims that plain-
tiffs failed to adequately plead a claim of nuisance
in avoidance of immunity against the department.
Plaintiffs' first amended complaint alleged merely:

> 11. That Defendant, Michigan Department of
> Transportation, by its design and construction of

---

[2] The Supreme Court granted leave to appeal in *Killeen* by order
dated October 22, 1986. 426 Mich 864. Briefs are due January 7, 1987.

said intersection, created a dangerous condition constituting a nuisance, thereby breaching its common law duties.

12. That Defendant, Michigan Department of Transportation, failed to take any steps whatsoever to correct this nuisance.

We find that these allegations do not adequately plead a claim of nuisance per se or intentional nuisance in avoidance of the department's immunity. *Pate v Dep't of Transportation,* 127 Mich App 130; 339 NW2d 3 (1983). Thus the Court of Claims did not err in granting the department's motion for summary judgment on plaintiff's nuisance claim.

Affirmed. No costs, a public question being involved.

T. GILLESPIE, J., concurred.

GRIBBS, J. *(dissenting in part).* I agree with my distinguished colleagues on the nuisance claim but respectfully dissent on the negligence claim and the question of concurrent jurisdiction and consequential liability.

On the less than ample facts presented on appeal, I find that the Court of Claims erred in granting the department's motion for summary judgment on plaintiff's claim for negligent design and construction of the intersection. Although the affidavit presented by the department established that Eaton County maintains jurisdiction of the highways or intersection in question, this does not preclude the possibility that the department, at least at the time of the federally-aided construction, maintained concurrent jurisdiction over the highways or intersection. *Stricker v Dep't of State Highways,* 96 Mich App 505, 508; 292 NW2d 240 (1980); *Hiner v State Highway Comm'r,* 96 Mich

App 497, 503; 292 NW2d 709 (1980), lv den 409 Mich 914 (1980). On a motion for summary judgment pursuant to GCR 1963, 117.2(3), we are liberal in determining that a genuine issue of fact exists, *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973), and I find that in the instant case there existed a factual dispute as to whether the state at one time had jurisdiction over the intersection during the period of design and construction.

I thus follow this Court's view in *Stricker, supra,* and *Hiner, supra,* that there may be concurrent jurisdiction over a highway, and disagree with this Court's opinion in *Austin v City of Romulus,* 101 Mich App 662, 668-669; 300 NW2d 672 (1980), lv den 411 Mich 955 (1981), relying on the earlier decision in *Bennett v City of Lansing,* 52 Mich App 289; 217 NW2d 54 (1974), lv den 399 Mich 840 (1977), where the Court refused to recognize the possibility of concurrent jurisdiction. I also disagree with the *Austin* Court's distinguishing of *Stricker, supra,* on the basis that, in *Stricker,* a fact question existed because of conflicting affidavits as to how the highway in question had been classified pursuant to the county road certification statutes, MCL 247.652; MSA 9.1097(2) and MCL 247.655; MSA 9.1097(5). *Austin, supra,* p 672. I point out that in *Stricker* the affidavits presented established that the highway had been certified pursuant to these statutes as a county road and that the highway was under county jurisdiction. *Stricker, supra,* p 508. Notwithstanding that fact, the *Stricker* Court found that there were conflicting affidavits which would indicate a question of fact as to jurisdiction (not certification) over the highway, and expressly stated that

[t]he fact that the Macomb County Road Commis-

sion maintains jurisdiction over the road in question *does not totally eliminate the possibility that defendant State Highway Department could also maintain concurrent jurisdiction over the road.* [Emphasis added. *Stricker, supra,* p 508.]

I also find that if the department did not have jurisdiction over the highways or intersection at the time of the injury-causing accident, but only at the time of the earlier construction, that fact would not be dispositive on the issue of liability under the highway liability statute. If the department had jurisdiction during an earlier period of design and construction, it may also be open to liability for its negligence in design and construction at that time if such negligence was a factual and proximate cause of the later injury. I agree with the rationale of *Hargis v Dearborn Heights,* 34 Mich App 594; 192 NW2d 44 (1971), lv den 386 Mich 751 (1971), where this Court found that the county and city which had consecutive jurisdiction over an allegedly defective bridge held a continuing obligation to correct the defective design and could both be held liable for such failure if it proximately caused the injury in question.[1] Where a defect is one of design, the transfer of jurisdiction from one entity to another should not insulate an entity for its earlier negligence which may have caused the later injury. In resolving the

---

[1] Although *Hargis, supra,* may be factually distinguishable in that it was decided prior to the passage of the governmental immunity act, MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.,* see *Potes v State Hwy Dep't,* 128 Mich App 765, 769; 341 NW2d 210 (1983), I view the issue at bar not as, strictly speaking, an immunity question, but as a question of jurisdiction over a highway and its accompanying duty and liability for breach thereof. Once jurisdiction with its accompanying duty of a governmental entity over a highway is established, the highway liability statute creates an exception to governmental immunity for injury-causing defects in that highway when the injury results from the breach of the entity's statutory duty to maintain a defect-free highway.

causation question, the lapse of time between the transfer of jurisdiction and the accident is merely a factor to be considered in deciding whether the earlier negligence was a cause of the accident. *Hargis, supra,* pp 600-602. See also *Hankins v Elro Corp,* 149 Mich App 22; 386 NW2d 163 (1986).

I do not believe that the highway liability statute should be so narrowly construed as to preclude liability of an entity whose negligence has caused the injury simply because jurisdiction is subsequently transferred. Nowhere does the language of the statute restrict liability to the entity having jurisdiction *at the time of the injury.* I see no overriding reason not to impose such liability for defective design or construction on those entities which had jurisdiction over the highway at the time when the defect which caused the injury was created.

The highway liability statute is an expansive provision defining the liability of the governmental agency, and the intent of the Legislature in enacting the statute was to provide an opportunity for those injured by defective highways to obtain redress from the responsible governmental agency.[2] *Endykiewicz v State Highway Comm,* 414 Mich 377, 388-389; 324 NW2d 755 (1982). This imposition of liability by excepting governmental entities from immunity for defective highways indicates a legislative intent to protect the public from injury by imposing upon governmental agencies the duty to maintain safe public roads. *May v Wolverine Tractor Co,* 107 Mich App 163, 169; 309 NW2d 594

---

[2] If the governmental entity, which originally had jurisdiction over a highway during a period of design and construction, designed and constructed that highway with a defect known to it, but hidden to the governmental entity subsequently obtaining jurisdiction over the highway, who would bear responsibility for the injury caused by the defect discovered by the second governmental entity only at the time of the accident?

(1981), app dis 412 Mich 863 (1982). That purpose is advanced by imposing liability upon governmental units where their failure to maintain is a proximate cause of injury or damage to the public. *Id.* Thus I would hold that the highway liability statute does not limit liability to the governmental entity which has jurisdiction over a highway at the time of the injury. In so holding I disagree with this Court's earlier decisions in *Potes v State Highway Dep't,* 128 Mich App 765, 769-770; 341 NW2d 210 (1983), and *Killeen v Dep't of Transportation,* 151 Mich App 7; 390 NW2d 676 (1986) lv gtd 426 Mich 864 (1986), strictly construing the highway liability statute and holding that only the the governmental entity having jurisdiction over a highway at the time of the injury-causing accident can be held liable for its negligence under the highway liability statute.[3]

I would therefore affirm in part and reverse in part.

---

[3] Although the Court in *Potes, supra,* did not specifically address the question of whether a governmental entity could maintain concurrent jurisdiction over a highway with another governmental entity, it would appear that the *Potes* panel would not favor concurrent jurisdiction since it opined that holding two governmental units responsible for correcting design or construction defects could result in confusion and inefficiency.

In its discussion of consolidation of plaintiffs' claims, the Court also distinguished *Stricker, supra,* and *Hiner, supra,* on the ground that these cases involved a genuine dispute of fact as to which of two governmental entities had jurisdiction over the roadway. As discussed previously with respect to *Austin,* I disagree with this distinction. In neither *Stricker* nor *Hiner* was the Court specifically concerned with *which of two* governmental entities had jurisdiction over the highway, but expressed its opinion that concurrent jurisdiction could exist.