JOHNSON v WHITE

Docket No. 74730. Submitted June 5, 1984, at Grand Rapids.—Decided May 22, 1985.

Plaintiff, Joan C. Johnson, individually and as personal representative of the estate of L. Dee Johnson, deceased, brought an action against Donald H. White, the Montmorency County Board of Road Commissioners and others for damages arising from the death of the decedent, who was killed in an automobile collision when his automobile was struck by an automobile driven by defendant White. Plaintiff alleged that the road commission was negligent in failing to properly locate a stop sign and to provide a clear area of vision at the intersection involved and that the road commission created or continued a nuisance by failing to correct a hazardous parking arrangement on the right-of-way alongside a county road. Plaintiff alleged

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Trial § 469 et seq.
Power of court sitting as trier of fact to dismiss at close of plaintiff's evidence, notwithstanding plaintiff has made out prima facie case. 55 ALR3d 272.

[2] Am Jur 2d, Trial § 573 et seq.
See the annotations in the ALR3d/4th Quick Index under Instructions to Jury § 1.

[3] Am Jur 2d, Highways, Streets, and Bridges § 337 et seq.
Liability of private owner or occupant of land abutting highway for injuries or damage resulting from tree or limb falling onto highway. 94 ALR3d 1160.

[4, 7] Am Jur 2d, Evidence § 493 et seq.
When is hearsay statement a "present sense impression" admissible under Rule 803(1) of the Federal Rules of Evidence. 60 ALR Fed 524.

[5] Am Jur 2d, Expert and Opinion Evidence § 42.
What information is of type "reasonably relied upon by experts" within Rule 703, Federal Rules of Evidence permitting expert opinion based on information not admissible in evidence. 49 ALR Fed 363.

[6] Am Jur 2d, Evidence § 249 et seq.

[8] Am Jur 2d, Evidence § 708 et seq.
When is hearsay statement an "excited utterance" admissible under Rule 803(2) of the Federal Rules of Evidence. 48 ALR Fed 451.

negligence against defendant White. The Montmorency Circuit Court, Martin B. Breighner, J., entered a judgment on a jury verdict of no cause of action in favor of both defendants. Plaintiff appealed, alleging several errors. *Held:*

1. The trial court properly denied plaintiff's motion for a directed verdict, as there were several questions of fact for resolution by the jury.

2. The trial court's refusal to give a properly requested Standard Jury Instruction, where the record supported such an instruction, requires reversal.

3. The trial court properly instructed the jury on the duty of a landowner to prevent injuries to persons traveling on an adjacent highway. The court's previous ruling that the owner of a roadside bar at the scene of the accident could not be required to indemnify the road commission did not preclude a finding that the bar owner was negligent. Thus, the jury was properly instructed on this issue.

4. Because there had been some confusion over whether the road commission had jurisdiction over the right-of-way at the location involved, the court did not err in instructing the jury regarding the issue of whether the road commission had notice of its jurisdiction over the area.

5. The trial court adequately instructed the jury on plaintiff's nuisance claim.

6. The owner of the bar was properly allowed to testify as to the events as related to him by an unidentified witness. The statements, admittedly hearsay, were admissible as a present sense impression as they were made immediately, within four minutes and perhaps sooner, after the accident.

7. A deputy sheriff, who was trained in accident investigation, was properly allowed to testify as to his conclusion regarding the cause of the accident, even though that conclusion was based in part on hearsay.

8. The trial court did err in admitting a survey of hazardous intersections in the county. The exhibit was out of date and did not relate to the intersection in question and was, therefore, irrelevant.

Reversed and remanded.

M. J. KELLY, J., concurred but disagreed regarding the admissibility of the hearsay statements related by the bar owner. He would hold that the statements of the unidentified witness did not qualify as a present sense impression because they were made several minutes after the accident nor as an excited utterance because they lacked the spontaneity required under the excited utterance exception to the hearsay rule. He would

also hold that no proper foundation was laid for admission of the deputy's testimony because that testimony also relied upon the statements of the unidentified witness.

OPINION OF THE COURT

1. MOTIONS AND ORDERS — DIRECTED VERDICT.
    A motion for a directed verdict must be denied if the facts, taken in the light most favorable to the nonmoving party, present a question upon which reasonable minds could differ.

2. TRIAL — JURY INSTRUCTIONS — STANDARD JURY INSTRUCTIONS.
    It is error requiring reversal for a trial court to fail to give a properly requested Standard Jury Instruction where the evidence supports the giving of the instruction (GCR 1963, 516.6[2]).

3. NEGLIGENCE — DUTY — LANDOWNERS.
    A landowner owes a duty to motorists traveling on adjacent highways to design, develop, and maintain a parking area so as to prevent an unreasonable risk of harm to such motorists.

4. EVIDENCE — HEARSAY — PRESENT SENSE IMPRESSION.
    The determination of whether a hearsay statement may qualify as a present sense impression and thereby be admissible under that exception to the hearsay rule requires a review of the facts and circumstances of each case (MRE 803[1]).

5. WITNESSES — EXPERT WITNESSES — HEARSAY.
    A sheriff's deputy who is uniquely qualified in accident scene investigations may properly rely upon hearsay in order to arrive at a conclusion as to how an accident occurred (MRE 703).

6. EVIDENCE — IRRELEVANT EVIDENCE.
    Irrelevant evidence is inadmissible (MRE 402).

CONCURRENCE BY M. J. KELLY, J.

7. EVIDENCE — HEARSAY — PRESENT SENSE IMPRESSION.
    *The present sense impression exception to the hearsay rule is limited to statements made while describing an event or condition or instantly thereafter; a statement made by an unidentified witness several minutes after an accident does not qualify as a present sense impression (MRE 803[1]).*

8. EVIDENCE — HEARSAY — EXCITED UTTERANCE.
    *A party introducing hearsay evidence under the excited utterance*

*exception to the hearsay rule must establish that the statement arose out of a startling occasion, was made before there was time to misrepresent and contrive, and related to the circumstances of the startling event.*

*Jerry L. Sumpter,* for plaintiff.

*Bensinger & Combs, P.C.* (by *Michael D. Combs),* for defendant Donald H. White.

*Boyce, White & Werth* (by *Richard G. Boyce),* for defendant Board of County Road Commissioners.

Before: J. H. GILLIS, P.J., and M. J. KELLY and C. H. MULLEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from a judgment entered on a jury verdict of no cause of action on her respective claims of negligence and nuisance against defendants. We reverse.

On September 11, 1979, at approximately 6:05 p.m., plaintiff's decedent was involved in an automobile accident at the intersection of Lake Avalon Road and County Road 451 in Montmorency County. He was hit broadside as his Datsun pickup truck was crossing Road 451. As a result of the incident, plaintiff filed suit against numerous parties, including the driver of the other vehicle involved in the accident, Donald H. White, the Montmorency County Road Commission and Francis R. Beadle, who owned and operated the Avalon Bar located on the corner of the subject intersection. The road commission filed a cross-claim against the Avalon Bar for common-law indemnification. The trial court granted the bar's motion for summary judgment on the road commission's cross-claim and on plaintiff's negligence and nui-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sance claims.[1] Thereafter, the Avalon Bar settled with plaintiff.

At trial, plaintiff theorized that the defendant road commission was both negligent and had maintained a nuisance with respect to the subject intersection. Plaintiff's negligence theory against the commission was based upon the road commission's failure to properly locate a stop sign at the intersection and to provide a clear area of vision for users of the roadway. Her nuisance theory was based upon the commission's failure to correct hazardous parking arrangements existing on its right-of-way alongside County Road 451. Her claim against defendant White, the driver of the other vehicle involved in the accident, was that he was traveling too fast for the weather and road conditions present at the intersection at the time of the accident. The jury returned a verdict indicating that neither the road commission nor White had been negligent with respect to the plaintiff and her decedent. Likewise, the jury stated that the road commission did not create or continue a nuisance at the subject intersection.

On appeal, plaintiff raises six issues which we will address in turn.

I

Plaintiff first argues that the trial court erred when it denied her motion for a directed verdict. We disagree.

The correct standard for reviewing a motion for a directed verdict is whether the facts, taken in the light most favorable to the nonmoving party,

[1] The trial court decided that the Avalon Bar and its owner, Francis R. Beadle, owed no duty to plaintiff as to the conditions of the public highway involved. We express no opinion as to the correctness of this holding.

present a question upon which reasonable minds could differ. If so, then the motion must be denied. *Armstrong v LeBlanc,* 395 Mich 526, 532; 236 NW2d 419 (1975).

In this case, plaintiff urges that the evidence presented, regarding the issues of negligence and nuisance, was "clear and uncontradicted". However, whether the intersection in question was hazardous and, in turn, whether the defendant road commission knew about this hazardous condition, were questions for the jury to resolve. Likewise, the jury had to decide whether plaintiff's decedent's injuries were proximately caused by defendants' negligence. For these reasons, the court properly denied plaintiff's motion for a directed verdict.

## II

Plaintiff's second claim of error involves the trial court's refusal to give the jury a requested Standard Jury Instruction; namely, SJI2d 10.08, which provides in relevant part as follows:

"Because _____ has died and can-
                name of decedent
not testify, you must presume that [he/she] was in the exercise of ordinary care for [his/her] safety (and for the safety of others) at and before the time of the occurrence, unless you find the presumption is overcome by the evidence.

"In deciding whether the presumption is overcome, you must weigh the presumption with all the evidence. If, after so weighing, you are unable to decide that the presumption has been overcome, then you must find that _____ was not
                      name of decedent
negligent." (Footnote omitted.)

The trial court did not explain why it refused to

give this requested instruction. Nevertheless, the record supported the requested instruction; therefore, under GCR 1963, 516.6(2), the instruction should have been given to the jury.

In *Javis v Bd of Ed of the School Dist of Ypsilanti,* 393 Mich 689, 702; 227 NW2d 543 (1975), the Supreme Court established a prophylactic rule of reversal where, as here, the Standard Jury Instruction was properly requested at trial. See, also, *Socha v Passino,* 405 Mich 458, 466-468; 275 NW2d 243 (1979). Accordingly, the judgment of no cause of action against plaintiff is vacated.

### III

We will address plaintiff's remaining assignments of error only to resolve questions which may arise again on remand.

### A

Plaintiff argues that the trial court erroneously instructed the jury regarding the duties of a landowner to prevent injury to persons traveling on an adjacent highway. The instruction itself was not erroneous.[2] Nevertheless, plaintiff argues that, as applied to her case, it was wrong to give the instruction to the jury. She contends that since the trial court had granted Avalon Bar's motions for summary judgment against both her claim and the road commission's cross-claim, this served as the law of the case as to whether the Avalon Bar could be liable for negligence towards plaintiff. Thus, as the law of the case, she claims that the jury should not have been allowed to consider

[2] The trial court instructed the jury as follows:

"[A] possessor of a place of business has a duty to exercise ordinary care in maintaining his premises in a reasonably safe condition in order to prevent injury to persons traveling along an adjacent street." See SJI2d 19:09.

whether a nonlitigant was the actual tortfeasor who caused plaintiff's injuries. However, the trial court only ruled that the Avalon Bar could not be required to indemnify the road commission because plaintiff's complaint against the road commission sounded in active negligence. Notwithstanding this ruling, the Avalon Bar could still have been negligent. We need not address the question of whether the trial judge's ruling with respect to the road commission's cross-claim was correct. Simply stated, that ruling is not controlling on the question of whether the landowner liability instruction was properly given. Merely because plaintiff failed to appeal from the summary judgment order against her claim does not, in turn, preclude another defendant from raising a valid defense.

Recently, in *Langen v Rushton,* 138 Mich App 672; 360 NW2d 270 (1984), this Court held that a landowner owes a duty to motorists traveling on adjacent highways to design, develop, and maintain a parking area so as to prevent an unreasonable risk of harm to such motorists. Accordingly, if the Avalon Bar is found to have failed in its duty of designing, developing, and maintaining its parking area so as to impair the vision of motorists using adjacent roadways, it may be held liable to the injured motorists for its negligence. For this reason, the instruction was not erroneous and was properly given to the jury.

### B

Next, plaintiff argues that the trial court improperly gave the following instruction to the jury:

"It was determined in a court proceeding brought pursuant to the Burnt Records Act [MCL 561.1 *et seq.;* MSA 26.878(1) *et seq.]* that title to this property was vested in the Michigan State Highway Department,

because earlier title records in Montmorency County were destroyed by fire, title to this land area could only be determined by this court order. The Road Commission contends it did not know about the court decree and believed the property was under the control of the owners of the Avalon Bar. It is for you to decide whether or not the Road Commission had knowledge or in the exercise of reasonable effort ought to have had knowledge of the state of the title to this land area prior to September of 1978. It is also for you to determine the significance of such knowledge or lack of knowledge as it relates to the various claims of the parties in this case."

Before plaintiff's decedent's accident, the road commission tried to abate Avalon Bar's use of Road 451's shoulder as a parking area. The commission was unable to do so at the time because it did not believe it owned or possessed a right-of-way in that area. The road commission specifically checked the county records to determine whether it did have a right-of-way in the area that was being used by the bar for parking. The records, however, did not reflect a right-of-way in this area. According to testimony at trial, the road commission then contacted Avalon Bar to see whether the owner thereof would voluntarily abate this potentially dangerous parking problem. The owner refused to do so.[3] During trial, plaintiff's counsel was able to obtain a court record stating that the State Highway Department possessed a right-of-way in the subject area. Apparently, the order had been misfiled in the county records. It was against this backdrop that the above instruction was read to the jury. We find no error in the giving of the instruction as it was relevant to the question of

---

[3] Before the accident occurred, the road commission and the Avalon Bar were negotiating over what to do with the area in order to abate the hazardous parking condition.

whether the road commission had notice of its jurisdiction over the parking area.

We also note in passing that if it is true that it was the State Highway Department, rather than the County Road Commission, that had the right-of-way in this area, it is doubtful whether the road commission had jurisdiction to abate this parking problem at the outset. See, *e.g., Potes v Dep't of State Highways,* 128 Mich App 765, 769; 341 NW2d 210 (1983).

C

Plaintiff also claims that the trial court erroneously failed to give additional instructions not covered by the Standard Jury Instructions. These proposed instructions involved plaintiff's nuisance claim against the road commission. Based upon our review of the actual instructions that were given to the jury, we conclude that no error occurred. The trial court adequately covered the nuisance theory in the instructions it provided the jury.

D

Plaintiff's next contention is that the trial court erred by allowing certain hearsay statements into evidence. We disagree.

1.

First, plaintiff argues that Francis Beadle, the owner of the Avalon bar, was erroneously allowed to testify about what was said to him by an unidentified witness immediately following the accident. Although the declarant's statements were admittedly hearsay, see MRE 801(c), the trial court concluded that the statements were admissible as a present sense impression. MRE 803(1). We agree with the trial court's analysis of the statement and

find no error. Nevertheless, given that the concurring opinion disagrees with this view, we will expand our reasoning to confront the objections raised in that opinion.

The concurring opinion suggests that "[t]he statement was made to Beadle several minutes after the accident". While we note our colleague's concern regarding the time frame between perceiving an event or condition and then making a statement afterwards to describe or explain the event or condition, we must disagree with his interpretation of the record. As we read Beadle's testimony, the declarant's statement was made to Beadle sometime between less than a minute, or as long as four minutes, after the accident occurred.

Based upon this testimony, the trial court ruled that the declarant's statement was admissible. Because the trial court was in the best position to judge Beadle's credibility, we do not have a definite and firm conviction that the judge's finding (that the statement was made to Beadle immediately after perceiving the event or condition) was clearly erroneous. GCR 1963, 517.1; MCR 2.613(C). Accordingly, we do not find that the admission of this hearsay statement under the present-sense-impression exception was an abuse of the trial court's discretion. MRE 104(a). Furthermore, we disagree with the concurring opinion's interpretation of MRE 803(1) to the extent it concludes that the phrase "immediately hereafter" in that rule must mean "instantly thereafter". We are of the opinion that to determine whether a statement qualifies as a present sense impression under MRE 803(1) necessitates a review of the facts and circumstances of each case. Thus, as we review *Hewitt v Grand Truck W R Co,* 123 Mich App 309; 333 NW2d 264 (1983), cited in the concurring opinion,

we find it to be distinguishable from the present matter on its fact: "While the record is not clear, it is apparent that at least several, and possibly as many as 30, minutes passed before the officer took the witnesses' statements." *Hewitt, supra,* p 317. In this case, on the other hand, at the most, the declarant's statement was made to Beadle four minutes after the accident occurred. But, as indicated above, the four-minute span of time alone has no talismanic significance. The reason we affirm the trial court's ruling is that the time frame could have been even less than four minutes, as indicated by Beadle's testimony. Thus, our opinion is based upon the trial court's finding, after hearing and observing the witness testify, that the declarant's statement was made to Beadle immediately after the declarant perceived the accident.

## 2.

The second hearsay objection pertains to statements made at the accident scene to Deputy Claude F. Schwartz, who concluded at trial that plaintiff's decedent failed to yield the right-of-way just before the accident occurred. The basis of the deputy's conclusion was that the decedent "pulled out in front of another vehicle". Plaintiff claims that no foundation was laid for this conclusion. We disagree. The officer testified at length about his experience. He had been a road deputy for five years with the Oscoda County Sheriff's Department before becoming a deputy with the Montmorency County Sheriff's Department, and also he had received specific training in accident scene investigations. While at the accident scene, he elicited a report of what occurred from various witnesses. He also observed the condition of the scene himself. Based upon the information sup-

plied to him and his own observations, Deputy Schwartz was able to draw his own conclusion as to whether plaintiff's decedent failed to yield the right-of-way to defendant White. Deputy Schwartz's qualifications to investigate accident scenes went uncontested. See MRE 702. Accordingly, we find that a sufficient foundation for Deputy Schwartz's conclusion was laid before it was admitted. As a person uniquely qualified in accident scene investigations, Deputy Schwartz could properly rely upon hearsay in order to arrive at his conclusion. MRE 703; see, also, *Swanek v Hutzel Hospital,* 115 Mich App 254, 260; 320 NW2d 234 (1982).

E

Next, plaintiff contends that the trial court erroneously admitted the road commission's Exhibit No. 24, which was a State Highway Department report regarding the ten most hazardous intersections in Montmorency County. The report was compiled in February of 1971, approximately eight years before the accident occurred. The present intersection did not appear on this eight-year-old survey. Because the exhibit did not have any tendency to make the existence of any fact that was of consequence to the jury's determination more probable or less probable than it would be without the evidence, the exhibit was irrelevent. MRE 401. Irrelevant evidence is inadmissible. MRE 402. Accordingly, it was error to have admitted this exhibit.

The exhibit only explained to the road commission what the highway department considered to be the ten most dangerous intersections in the county in 1971. Plaintiff's claim did not rise and fall on whether the present intersection qualified as one of the ten most dangerous intersections in

the county. Plaintiff's claim was that the present
intersection was dangerous. A report containing
the ten most dangerous intersections in the county
does not rebut the plaintiff's claim. Conceivably
every intersection in the county could be danger-
ous or hazardous; nevertheless, only ten intersec-
tions make the survey. Accordingly, it was not
more probable or less probable that this intersec-
tion was not dangerous or hazardous merely be-
cause the intersection did not make the survey.
Only if it could be shown that *all* dangerous or
hazardous intersections within the county appear
on the survey could such exhibit become arguably
relevant vis-à-vis plaintiff's claim. This not being
the case, the exhibit should have been excluded.

Another reason for excluding the exhibit is its
age. The report was over eight years old by the
time the accident occurred. There was no showing
that the conditions on the highways within the
county and their uses remained the same when
the report was compiled vis-à-vis when the acci-
dent occurred. Therefore, the record was stale for
purposes of this action.

## F

Finally, plaintiff claims that the trial court
erred by not granting her motion for a new trial.
Given our previous disposition of this case we need
not entertain this contention.

Reversed and remanded for further proceedings
consistent with this opinion. We do not retain
jurisdiction.

M. J. KELLY, J. *(concurring).* I concur in the result
reached by the majority but I am compelled to dis-
agree with the majority's treatment of the hearsay
evidence under section III, D of the opinion.

The Avalon Bar was originally one of the defendants in this case. It settled following a favorable summary judgment ruling and is not a party to this appeal. Its owner, Francis R. Beadle, was permitted to testify about a conversation he had with a bystander shortly after the accident:

"*Q.* Tell us about the conversation that you had with that man.
"*A.* Well the man—I didn't really say anything to him. He just started telling me what happened.
"*Q.* And what did he say?
"*A.* He said that he was following Mr. Johnson and—
*Mr. Sumpter:* I will object, your Honor, on the basis of hearsay.
"*The Court:* Objection overruled.
"*The Witness:* And that Mr. Johnson had never stopped for the corner. He pulled right on out, and that's when the accident happened."

This archetypical hearsay is sought to be justified by the defendants as a present sense impression and excited utterance, therefore qualifying as an exception to the exclusionary rule. The majority says that "the trial court concluded that the statements were admissible as a present sense impression. MRE 803(1)", and condones the admission of this testimony on that basis.

The present sense impression exception to the hearsay rule was considered by this Court in *Hewitt v Grand Trunk W R Co,* 123 Mich App 309, 317-318; 333 NW2d 264 (1983):

"The purpose and intent of subrule 803(1) can be served most effectively by limiting the scope of that exception to statements made while describing the event or condition or instantly thereafter."

In that case, the Court noted that "at least sev-

eral, and possibly as many as 30, minutes passed" before the witness heard the declarant make his statement about the accident. 123 Mich App 317. The *Hewitt* panel expressly opted for a "restrictive interpretation of the phrase 'instantly thereafter'" and concluded that a delay of even several minutes removes the statement from the present sense impression exception to the hearsay rule. I agree with the analysis in *Hewitt* and, applying it to the instant case, I would hold that the testimony of Francis Beadle regarding his conversation with an unidentified witness was inadmissible hearsay.

The statement was made to Beadle several minutes after the accident. Indeed, Beadle had time to run from the bar out to the car, back to the bar to pick up the fire extinguisher and return to the car, back to the gas pumps in front of the bar where the unidentified witness was, back into the bar to call the sheriff or have his wife call the sheriff, and then back out to the pumps where he finally heard the statement. It is clear to me that the unidentified witness did not make his statements to Beadle "instantly thereafter".

Neither am I persuaded that the statement is admissible under the excited utterance exception to the hearsay rule, which was also considered in *Hewitt.* The party introducing the hearsay evidence under the excited utterance exception has the burden of establishing a sufficient foundation for admission, including that the statement (1) arose out of a startling occasion, (2) was made before there was time to misrepresent and contrive and (3) related to the circumstances of the startling event. 123 Mich App 318-319. The record in this case does not establish to my satisfaction that the unidentified witness's statement was made while he was "excited or under particular nervous stress" and I am not convinced that the statement

was made before there was time to misrepresent and contrive. I am not persuaded that the witness's statement was made with the spontaneity required under the excited utterance exception. See *People v Petrella,* 124 Mich App 745, 760; 336 NW2d 761 (1983), *lv gtd on other grounds,* 419 Mich 922 (1984).

I would direct the trial court to exclude at any subsequent trial the hearsay statement of the unidentified witness as described through the testimony of Francis Beadle.

I am also compelled to disagree with the majority's treatment of the deposition testimony of Deputy Schwartz. It is not clear to me whether Schwartz factored in the unidentified witness's hearsay in arriving at his conclusion, but it is clear that he interviewed defendant White and then was allowed to give an opinion on the ultimate jury question, namely, whether decedent failed to yield the right-of-way. Defendant White's testimony does not substantiate that conclusion. As I read White's testimony, he surmised that decedent had stopped far enough back from the intersection to be blocked from view and further that the view between the two vehicles was obstructed by a third vehicle as decedent was pulling out into the intersection. I do not believe that a sufficient proper foundation was laid for the admission of Deputy Schwartz's expert testimony because when the unidentified witness's hearsay observation is stricken there is nothing in the record to support the deputy's conclusion.

I concur in reversal.