BALCER v FORBES

Docket No. 119670. Submitted December 12, 1990, at Detroit. Decided April 15, 1991, at 10:05 A.M.

Judith F. Balcer, Helen Blazejewski, personal representative of the estate of Stephen A. Balcer, deceased, and others brought an action in the Wayne Circuit Court against Charles A. Forbes, Virginia C. Faltis, John Faltis, and others, seeking damages for negligence. The action arose from an accident which occurred after a car entered a one-way street after leaving a parking lot owned and operated by Forbes and leased from the Faltises, proceeded the wrong way for a block, entered an intersection to make a turn, and was struck by a car which allegedly was chasing another vehicle at a high rate of speed. The car then struck Judith and Stephen Balcer, pedestrians who were crossing the street, killing Stephen and injuring Judith. The court, Samuel A. Turner, J., granted summary disposition for Forbes and the Faltises, finding that the plaintiffs had not stated a cause of action in negligence because those defendants had no duty to warn drivers leaving the parking lot of the one-way street. The plaintiffs appealed.

The Court of Appeals *held:*

The court properly determined that there was no actionable negligence. The Balcers were unforeseeable plaintiffs to whom the Faltises and Forbes owed no duty. The plaintiffs' injuries were precipitated by an unforeseeable superseding cause and were plainly beyond the scope of foreseeable risks posed by any alleged defects in the parking lot exit.

Affirmed.

MICHAEL J. KELLY, J., dissenting, stated that the plaintiffs did state a claim and that the determination of proximate cause should be left to the jury. A landowner creating or abutting an obvious traffic hazard which presents a serious risk of harm that is relatively foreseeable can have a duty to minimize that hazard or warn of its existence.

*Dib & Fagan, P.C.* (by *Albert J. Dib*), for the plaintiffs.

*Still, Nemier, Tolari & Landry, P.C.* (by *Jeffrey*

*L. Tolari* and *Paul L. Kaliszewski*), for Charles
Forbes and Virginia and John Faltis.

Before: McDONALD, P.J., and MICHAEL J. KELLY
and GRIFFIN, JJ.

GRIFFIN, J. In this negligence action, plaintiffs
appeal by leave granted from a circuit court order
entering summary disposition in favor of defen-
dants Charles A. Forbes, Virginia C. Faltis, and
John Faltis pursuant to MCR 2.116(C)(8). We
affirm.

The instant action arose out of an automobile-
pedestrian collision which occurred on March 8,
1986. At approximately 10:30 P.M. on that date, a
third party, Kahrim Zahriya, drove out of a park-
ing lot and immediately turned the wrong way on
Columbia, a westbound one-way street in the City
of Detroit. After traveling approximately one
block, Zahriya came to an intersection at Wood-
ward Avenue. According to plaintiffs' complaint,
Zahriya attempted a left turn at the intersection
when he was struck by a southbound vehicle
driven by defendant Albert B. McCoy, who alleg-
edly was chasing another vehicle at a high rate of
speed. The collision caused McCoy's vehicle to
career out of control and strike Judith and Ste-
phen Balcer, pedestrians who were crossing Wood-
ward Avenue. Stephen Balcer was killed, and Ju-
dith was seriously injured.

Defendant Forbes is the owner and operator of
the parking lot where Zahriya had parked his car
before the collision. Defendants Virginia Faltis
and John Faltis are the owners and lessors of the
parking lot premises. In counts IV and V of their
nine-count complaint, plaintiffs contend that these
defendants were negligent in that they failed to
warn parking lot patrons, and Zahriya in particu-

lar, that Columbia was a one-way street, thereby
proximately causing plaintiffs' injuries. Defendants
moved for summary disposition and, following a
hearing, the trial court ruled that the instant
defendants owed no duty to warn of the one-way
street. Accordingly, the trial court entered sum-
mary disposition in favor of defendants pursuant
to MCR 2.116(C)(8).

On appeal, plaintiffs contend that the trial court
erred when it ruled that plaintiffs had not stated a
cause of action in negligence against the parking
lot and the lessors. We disagree.

The existence or nonexistence of a legal duty is
a question of law for the court to decide. *Moning v
Alfono,* 400 Mich 425, 436-437; 254 NW2d 759
(1977); *Hill v Kokosky,* 186 Mich App 300, 302; 463
NW2d 265 (1990). Duty is essentially a question
whether the relationship between the actor and
the injured person gives rise to any legal obliga-
tion on the actor's part for the benefit of the
injured person. *Moning, supra* at 438-439. Closely
related to the duty issue is the matter of proxi-
mate cause. Indeed, proximate cause can be
thought of as a policy determination which is often
indistinguishable from the duty question. *McMil-
lan v State Hwy Comm,* 426 Mich 46, 51; 393
NW2d 332 (1986). As the Supreme Court observed
in *Moning, supra* at 439:

> The questions of duty and proximate cause are
> interrelated because the question whether there is
> the requisite relationship, giving rise to a duty,
> and the question whether the cause is so signifi-
> cant and important to be regarded a proximate
> cause both depend in part on foreseeability—
> whether it is foreseeable that the actor's conduct
> may create a risk of harm to the victim, and
> whether the result of that conduct and intervening
> causes were foreseeable.

In the present case, both plaintiffs and defendants properly characterize the issue as one of duty. Contrary to the parties' positions, however, the question is not the extent of the duty owed to invitees of the parking lot or motorists traveling on an adjacent roadway. Rather, the question we must resolve is what duty was owed to the plaintiffs, Judith and Stephen Balcer, pedestrians who were innocently crossing the street over a block away from defendants' premises. After thorough consideration, we conclude that no duty was owed to the plaintiffs.

In the absence of a legal duty, there is no actionable negligence. *Hill, supra.* In *Moning,* our Supreme Court noted the landmark case of *Palsgraf v Long Island R Co,* 248 NY 339; 162 NE 99 (1928), in which the New York Court of Appeals combined the notions of duty and proximate cause and concluded that a defendant owes no duty to an unforeseeable plaintiff. See *Moning, supra* at 439. This principle was recently applied by a panel of this Court in *Kuhn v Associated Truck Lines, Inc,* 173 Mich App 295; 433 NW2d 424 (1988).

In *Kuhn,* several cases of the pharmaceutical drug Motrin fell off a delivery truck and into the flow of traffic on a public roadway. The cases were then crushed by passing traffic, causing the drug to pulverize and disperse into the air. The plaintiff, an employee of an independent contractor, was then contacted to clean up the spill. As a result of inhaling the Motrin dust, the plaintiff sustained serious injuries. In the lawsuit that followed, the plaintiff sought recovery in negligence against The Upjohn Company, the manufacturer of the Motrin. The trial court dismissed the claim against Upjohn on the ground that Upjohn had no duty to ensure safe transportation of the Motrin

once it relinquished control to the carrier. We affirmed this ruling, reasoning as follows:

> Upjohn and the trial court quite accurately characterize Timothy Kuhn as an unforeseeable plaintiff, like the plaintiff in *Palsgraf v Long Island R Co,* 248 NY 339; 162 NE 99 (1928), to whom no duty is owed. It is unreasonable to charge Upjohn with anticipating that Associated Truck Lines would improperly load the Motrin and cause it to fall off the truck, that the Motrin would be crushed and pulverized by passing traffic on South-field Road, that a cloud of Motrin dust would arise from the crushed Motrin, that the County Road Commission would refuse to clean up the spill, and that a person such as Timothy Kuhn would be sent to clean up the drug spill and sustain injuries from inhaling the dust. No duty is owed to an unforeseeable plaintiff. *Moning v Alfono,* 400 Mich 425, 439; 254 NW2d 759 (1977). Since no duty was owed, we need not discuss the parties' arguments concerning reasonableness of the risk and proximate cause. [*Kuhn, supra* at 302.]

We find this rationale applicable to the present case. We think it wholly unreasonable to charge these defendants with anticipating that one of their patrons would turn the wrong way on a one-way street, that the patron would then proceed in this fashion for a full city block, that he would unexpectedly turn into the path of a high-speed chase, that a collision would result, and that one of the speeding vehicles would be propelled in such a manner as to strike the Balcers as they were crossing the street. On these facts, we agree with the trial court that plaintiffs' complaint does not state a negligence claim against either Forbes or the Faltises.

Lastly, we find plaintiffs' reliance on *Langen v Rushton,* 138 Mich App 672; 360 NW2d 270 (1984),

to be misplaced. In that case, the defendant shopping center allegedly allowed trees in its parking lot to obscure a departing motorist's view of the traffic on an adjacent roadway. On these facts, the panel held that the shopping center owed a duty to a passing motorcyclist who collided with a vehicle leaving the parking lot, the driver of which alleged that she could not see the traffic on the road. Here, however, plaintiffs' injuries occurred a full block from defendants' exit and were precipitated by an unforeseeable superseding cause. Thus, unlike *Langen,* plaintiffs in the present case were plainly beyond the scope of foreseeable risks posed by any alleged defects in the parking lot exit.

Affirmed.

McDONALD, P.J., concurred.

MICHAEL J. KELLY, J. (*dissenting*). The majority has decided a fact question. This is not a motion under MCR 2.116(C)(10). Summary disposition was granted pursuant to MCR 2.116(C)(8), failure to state a claim, and I believe plaintiff has clearly stated a claim. Paragraphs 35, 36, 37, and 41 through 44 of plaintiffs' complaint alleged that appellees owned and operated a parking lot, that they provided an exit on a one-way street from which patrons could foreseeably exit in either direction, that the patrons "could go in the wrong direction," and that the appellees owed a duty to warn patrons or departing traffic, or to have signs or warnings indicating the danger, failed to do so, and, as a result, caused the collision. Proximate cause is a question for the jury. *Fiser v Ann Arbor,* 417 Mich 461, 475; 339 NW2d 413 (1983):

> The determination of remoteness should seldom, if ever, be summarily determined.

If this were a motion under MCR 2.116(C)(10), the majority could review a finding of the color of the light controlling the intersection of West Columbia and Woodward in the City of Detroit, which Zahriya errantly entered. As it is, we are not presented such a finding, and the trial judge did not decide the motion on that basis. I believe the majority has erred.

Furthermore, I disagree with the trial court's ruling that there is no duty as a matter of law to warn of the one-way street. To that extent, I agree with defendants' reliance on *Langen v Rushton*, 138 Mich App 672; 360 NW2d 270 (1984). A landowner creating or abutting an obvious traffic hazard which presents a serious risk of harm that is "relatively foreseeable," can have a duty to minimize that hazard or warn of its existence. (The majority may note that traffic which leaves the underground parking garage at the Third Division of the Court of Appeals is commanded to turn left. Supreme Court attendees who park in the underground parking garage at the Law Building in Lansing are likewise warned.) I would reverse.