# STATE OF MICHIGAN

# COURT OF APPEALS

FRANK ANTHONY SCOLA,

Plaintiff-Appellant,

v

JP MORGAN CHASE BANK, NATIONAL
ASSOCIATION, and JP MORGAN CHASE &
CO.,

Defendants-Appellees,

and

KATHLEEN SCOLA, ESTATE OF JOHN
BARROW BROWN, Deceased, and CITY OF
WAYNE,

Defendants.

UNPUBLISHED
October 4, 2018

No.  338966
Wayne Circuit Court
LC No.  15-002804-NI

Before:  O'CONNELL, P.J., and CAVANAGH and SERVITTO, JJ.

CAVANAGH, J. (*dissenting*).

I respectfully dissent.  I would reverse the order granting defendants' motion for summary disposition on the ground that the open and obvious doctrine precluded liability. Plaintiff established that a genuine issue of material fact existed as to whether defendants had a duty to warn drivers exiting their parking lot that the intersecting road is a one-way, westbound road—which was not open and obvious as evidenced by the fact that drivers turned in the wrong direction from defendants' parking lot on an almost daily basis.

As defendants acknowledge, "an invitee is entitled to the highest level of protection under premises liability law." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 596-597; 614 NW2d 88 (2000).  "The landowner has a duty of care, not only to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending upon the circumstances, make any necessary repairs or warn of any discovered hazards." *Id*. at 597.  Generally, a premises owner must exercise reasonable care to protect an invitee from an unreasonable risk of harm caused by dangerous conditions on the property. *Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88

-1-

(2012). If the dangerous conditions are hidden or latent, the premises owner must warn an invitee of the dangers. *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 96; 485 NW2d 676 (1992). But an unreasonable risk of harm does not exist if the invitee knows of the condition or if it is so obvious that the invitee might reasonably be expected to discover it. *Id*. "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner*, 492 Mich at 461.

In this case, plaintiff presented sufficient evidence establishing that defendants' parking lot exit was dangerous and defendants knew it was dangerous but did nothing about it. Plaintiff presented testimony from the owner of a business located directly across the street, David Zuckerman, who testified that he saw drivers turning the wrong way from defendants' parking lot on an almost daily basis, and had for years. Zuckerman reported this dangerous condition to defendants' employees several times before this accident but defendants did nothing to change it. Plaintiff also presented testimony from his expert in accident reconstruction and signs, Timothy Robbins, who testified that defendants' parking lot exit had no warning signs regarding the intersecting one-way road, but did have a misleading arrow painted on the pavement indicating to drive straight ahead although drivers must only turn left to safely exit the parking lot. Robbins testified that a couple of simple signs and changing the direction of the arrow painted on the pavement could easily address this dangerous condition. Plaintiff's safety expert, Walter Cygan, agreed with Robbins that an added safety feature to minimize the dangerous condition "would be a curved painted arrow on the pavement, leading in the correct direction." Plaintiff also presented testimony from the police officer who responded to this accident, Robert Puckett, who testified that he assumed the driver of the vehicle plaintiff was riding in was lost and trying to get back onto Michigan Avenue when she turned the wrong way on this one-way road. Puckett assumed that was the case because it was "pretty typical we have people that go the wrong way on Michigan Avenue daily." Further, the driver of the vehicle plaintiff was riding in, Kathleen Scola, testified that she was unfamiliar with the area and had missed her turn onto Michigan Avenue. She then pulled into defendants' parking lot, followed the "exit only" sign, and proceeded to exit the wrong way on Michigan Avenue, into oncoming traffic, causing the head-on collision. Kathleen testified that the police officer who wrote her the ticket told her that she should fight the ticket because "it happens all the time . . . at that location."

Defendants argued in the trial court, as they do on appeal, that the allegedly dangerous condition in this case was open and obvious because everyone knows that if you turn the wrong way on a one-way road, there is a potential to get into a car accident. But the issue in this case is not whether defendants had a duty to warn drivers that turning the wrong way on a one-way road is dangerous. Instead, the issue is whether defendants had a duty to warn drivers exiting their parking lot that the intersecting road is, in fact, a one-way, westbound road, i.e., that one must turn left upon exiting the parking lot. And I disagree with the majority opinion that because of the presence of a one-way sign at the intersection of Wayne Road and Michigan Avenue, as well as "white lines" on Michigan Avenue, it was reasonable to expect that an average person with ordinary intelligence who was leaving defendants' parking lot would discover upon *casual inspection* that they were exiting onto a one-way, westbound road. See *Hoffner*, 492 Mich at 461.

Defendants also relied on this Court's opinion in *Balcer v Forbes*, 188 Mich App 509; 470 NW2d 453 (1991), to argue that they had no duty to warn of the presence of a one-way street. Defendants' reliance is misplaced. In that case, a driver of a vehicle exited a parking lot, turning the wrong way on a one-way street. *Id*. at 510. About a block later, that vehicle was struck by a second vehicle which was chasing a third vehicle at a high rate of speed. *Id*. This second vehicle also struck two pedestrians and a lawsuit was filed by and on behalf of those pedestrians. *Id*. One of the claims was a negligence claim against the owners and lessors of the parking lot where the first vehicle had exited, alleging that the failure to warn exiting patrons about the one-way street proximately caused the car accident and the plaintiffs' injuries. *Id*. at 510-511. This Court noted that the issue was whether the pedestrians were owed a duty:

> Contrary to the parties' positions, however, the question is not the extent of the duty owed to invitees of the parking lot or motorists traveling on an adjacent roadway. Rather, the question we must resolve is what duty was owed to the plaintiffs, . . . pedestrians who were innocently crossing the street over a block away from defendants' premises. After thorough consideration, we conclude that no duty was owed to the plaintiffs. [*Id*. at 512.]

Clearly, the *Balcer* case is inapplicable. First, this Court specifically noted that the issue was not "the extent of the duty owed to invitees of the parking lot or motorists traveling on an adjacent roadway." *Id*. Second, the pedestrian-plaintiffs in that case were not owed a duty because they were unforeseeable plaintiffs, but in this case plaintiff was an invitee of defendants' parking lot. See *id*. at 513. And, third, unlike in the *Balcer* case, plaintiff's injuries were not "precipitated by an unforeseeable superseding cause." See *id*. at 514. Thus, contrary to defendants' claim, the *Balcer* case is inapposite and does not address the duty owed to invitees of a parking lot abutting a one-way road.

Accordingly, I would hold that, considering the record evidence in the light most favorable to plaintiff as the nonmoving party, plaintiff established that a genuine issue of material fact existed as to whether defendants had a duty to warn drivers exiting their parking lot that they must only turn left because it is not reasonable to expect that an average person with ordinary intelligence would discover upon casual inspection that the intersecting road is a one-way, westbound road. See *Hoffner*, 492 Mich at 461; *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115-116; 839 NW2d 223 (2013). Thus, I would reverse the order granting defendants' motion for summary disposition.

/s/ Mark J. Cavanagh