CAVALIERE v ADULTS FOR KIDS

Docket No. 82014. Submitted November 7, 1985, at Detroit.—Decided March 17, 1986.

Giuseppe Cavaliere was working for a construction company under a contract with Macomb County to set up pylon cones and flashing arrow signs on Sixteen Mile Road. Adults for Kids, a Michigan corporation, had leased Freedom Hill Park on Sixteen Mile Road from the Macomb County Department of Parks and Recreation to exhibit military equipment. Joseph V. Minauro was driving on Sixteen Mile Road when he became distracted by a military helicopter landing at the exhibit and by the other military equipment and drove his vehicle into Giuseppe Cavaliere, causing him severe injuries. Mary Cavaliere, individually and as next friend of Giuseppe Cavaliere, and Joseph Cavaliere filed suit against Adults for Kids, the Macomb County Department of Parks and Recreation, the Macomb County Board of Road Commissioners, and Joseph V. Minauro in Macomb Circuit Court alleging inter alia that the Macomb County Department of Parks and Recreation and Adults for Kids had negligently created a roadside distraction that was a proximate cause of Giuseppe Cavaliere's injuries and that defendants had created a public nuisance by placing the military equipment, or allowing it to be placed, near the public roadway in plain view of passing motorists. The court, Lawrence P. Zatkoff, J., granted summary judgment in favor of the Macomb County Department of Parks and Recreation and Adults for Kids based on the pleadings on the ground that those defendants owed plaintiffs no legal duty. Plaintiffs appealed. Held:

1. Plaintiffs' complaint fails to allege facts which show any proximate cause between the conduct of the Macomb County

References

Am Jur 2d, Automobiles and Highway Traffic §§ 414-421, 432, 578, 763.
Am Jur 2d, Negligence §§ 1 et seq., 66 et seq., 127 et seq.
Am Jur 2d, Nuisances §§ 1 et seq., 32.
See the annotations in the ALR3d/4th Quick Index under Automobiles and Highway Traffic; Nuisances.

Department of Parks and Recreation and Adults for Kids and plaintiff's injuries.

2. No reasonable juror could find that the risk created by the display of military equipment is of such magnitude as to outweigh the social utility that would be compromised by imposing liability in this case.

3. The mere lawful landing of a helicopter and the presence of military equipment within view of a highway does not create an unreasonable risk to drivers or a dangerous condition on which a nuisance claim can be based.

Affirmed.

1. NEGLIGENCE — WORDS AND PHRASES.
    Negligence is conduct involving an unreasonable risk of harm.

2. NEGLIGENCE — PROXIMATE CAUSE.
    One element of negligence is proximate cause, which is essentially a problem of law for the courts to decide; it involves a number of questions, including the question whether all of the links in the chain of causation between the defendant's act and the plaintiff's injury could reasonably have been anticipated under the particular circumstances; if an intermediary, or intervening cause is abnormal or extraordinary, it obviates any legal responsibility for the plaintiff's injury.

3. AUTOMOBILES — DRIVERS — DUTY OF CARE.
    It is the duty of a driver to exercise reasonable care at all times, be alert to potential dangers, and not allow his or her attention to be distracted by an interesting sight along the road.

4. HIGHWAYS — ADJOINING PROPERTY — LAND USE.
    A possessor of land may not use the land in such a way as to create an unreasonable risk to those traveling on an adjacent public roadway.

5. NUISANCE — DANGEROUS CONDITION.
    A nuisance is predicated upon the existence of a dangerous condition.

6. NUISANCE — NUISANCE IN FACT.
    A nuisance in fact is a nuisance by reason of circumstances and surroundings and may be found where its natural tendency is to create danger and inflict injury on a person or property.

7. NUISANCE — QUESTIONS OF FACT.
    Whether or not a particular thing or act is a nuisance is a question of fact for the jury, unless reasonable minds cannot differ.

*Franklin, Petrulis, Bigler, Berry & Johnston, P.C.* (by *Bruce W. Franklin*), for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Frank W. Brochert* and *Christine D. Oldani*), for defendants.

Before: SHEPHERD, P.J., and J. H. GILLIS and P. J. CLULO,* JJ.

SHEPHERD, P.J. Plaintiffs appeal as of right from an order of summary judgment entered in favor of defendants Adults for Kids and the Macomb County Department of Parks and Recreation. The effect of the summary disposition was to deny plaintiffs the opportunity to litigate a claim that the landing of a helicopter and the placing of military equipment and exhibits near a highway were negligent acts which caused a driver on the highway to become distracted, resulting in an accident and injuries.

The pleadings alleged the following facts. On July 22, 1983, plaintiff Giuseppe Cavaliere was working for a construction company under a contract with Macomb County, setting up pylon cones and flashing arrow signs on the eastbound lanes of Metropolitan Parkway or Sixteen Mile Road. Defendant Adults for Kids had leased Freedom Hill Park on Sixteen Mile Road from defendant Macomb County Department of Parks and Recreation to exhibit military equipment. At approximately 12:45 p.m., a military helicopter was landing at the exhibition in Freedom Hill Park. At the same time Joseph V. Minauro was traveling eastbound on Sixteen Mile Road. Minauro became distracted by the helicopter and military equipment and drove his vehicle into the plaintiff, causing him severe injuries.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The plaintiffs alleged that defendant Macomb County Department of Parks and Recreation and defendant Adults for Kids negligently created a roadside distraction that was a proximate cause of the plaintiffs' injuries. Plaintiffs also argued that defendants had breached the following duties: (1) to refrain from placing distracting exhibits near the roadway; (2) to refrain from allowing or directing a helicopter to land near the roadway; (3) to screen the exhibit from the vision of passing motorists; and (4) to forewarn motorists of the potentially distracting exhibits and activities. Alternatively, plaintiffs alleged that defendants had created a public nuisance by placing the military equipment, or allowing it to be placed, near the public roadway in plain view of passing motorists.

The trial court granted summary judgment based on the pleadings on the ground that the defendants owed plaintiffs no legal duty. The court also found that the injury was not reasonably foreseeable and there was no proximate cause. The trial court did not address the nuisance claim. The summary judgment order generally dismissed the cause of action, and the parties regard it as having dismissed both the negligence and the public nuisance counts. We affirm the summary judgment order on both claims in favor of both defendants, and for essentially the same reason. We cannot find, as a matter of law, that any reasonable person could, or should, anticipate that the driver of a car would be so captivated by the sight of a helicopter or military exhibition that the driver would neglect his responsibilities on the road.

## I. Negligence

### A. Proximate Cause

At the outset, it is important to recognize pre-

cisely what plaintiffs are alleging, as well as what plaintiffs are not alleging. Plaintiffs have not alleged that the helicopter which distracted the driver Minauro descended into the traffic on Sixteen Mile Road. Nor have plaintiffs alleged that the helicopter as it landed physically obstructed traffic, or even roared across the road in an unanticipated or a terrifying manner. Plaintiffs have similarly not alleged that the military equipment physically interfered with traffic on the road. They have also not alleged that the landing of the helicopter or the presence of the military exhibition violated any ordinance or statute. The complaint alleges that the mere landing of a helicopter amidst other military equipment in a park adjacent to a public roadway is itself a negligent act on the part of the defendants. The alleged conduct by the defendants is no different from what occurs in this state many times each day at many airports and other helicopter landing areas.

"Negligence is conduct involving an *unreasonable* risk of harm." *Moning v Alfono,* 400 Mich 425, 433; 254 NW2d 759 (1977). One element of negligence is proximate cause. *Id.,* 436-442. Proximate cause is " 'essentially a problem of law' " for the courts to decide. *Id.,* 440, quoting Prosser, Torts (4th ed), § 42, p 244. As the doctrine has developed, it involves a number of questions including the question whether all of the links in the chain of causation between the defendant's act and the plaintiff's injury could reasonably have been anticipated under the particular circumstances. *Id.,* 441.

For instance, in *Moning,* the Court found as a matter of law that the defendant, which had manufactured slingshots and marketed them to children, should have recognized that the plaintiff's playmate, who purchased one of the slingshots,

might accidentally shoot the plaintiff in the eye with the slingshot. The accident, according to the Court, was " 'a normal consequence of the situation' created by the defendants' conduct". *Id.,* 441-442, quoting 2 Restatement Torts, 2d, § 443. The Court explained that it used the term "normal" to denote 'the antithesis of abnormal, of extraordinary. It means that the court * * *, looking at the matter after the event, and therefore knowing the situation which existed when the new force intervened, does not regard its intervention as so extraordinary as to fall outside of the class of normal events." *Id.,* 442, n 17, quoting Restatement Torts, 2d, § 443, comment b. Implicit in the Court's discussion is the proposition that if an intermediary, or "intervening", cause is abnormal or extraordinary, it obviates any legal responsibility for the plaintiff's injury.

In the present case, we find that the conduct attributed by plaintiffs to the driver Minauro was well beyond that which defendants, as reasonable persons, could reasonably be required to anticipate under the circumstances. As we observed earlier, helicopters are increasingly common in today's world. They are routinely used in police work and in traffic reporting, as well as by business executives and the military. Their use can no longer be considered unusual, unexpected or unnatural and, thus, it would be abnormal for defendants to anticipate that a driver will become so distracted by them that he or she will not be able to exercise due care on the road. In addition, we note that aircraft in general frequently pass over highways at very low altitudes because of the close proximity of many airports to roads. It is the duty of a driver to exercise reasonable care at all times, be alert to potential dangers, and not allow his or her attention to be distracted by an interesting sight

along the road. 7A Am Jur 2d, Automobiles and Highway Traffic, § 416. Plaintiffs' implicit allegation, that the conduct of Minauro was to be anticipated by defendants, might have been plausible many years ago, but certainly not today.

Consequently, we find that the trial court was correct and affirm its ruling that plaintiffs' complaint fails to allege facts which show any proximate cause between the conduct of defendants and plaintiffs' injuries.

B. Specific Standard of Care

In addition, we find that no reasonable juror could find that the risk created here, discussed above, is of such magnitude as to outweigh the social utility that would be compromised by imposing liability in this case.

A possessor of land may not use the land in such a way as to create an unreasonable risk to those traveling on an adjacent public roadway. See generally *Langen v Rushton,* 138 Mich App 672; 360 NW2d 270 (1984); Prosser & Keeton, Torts, 5th ed, § 57, pp 386-392. However, the question is not whether the landing of the helicopter created the risk of distracting drivers, but rather whether that risk was unreasonable in light of the societal interests involved. *Moning, supra,* p 450.

In *Moning,* the Supreme Court held that in applying the specific standard of care to the facts of the case before it, the jury would have to weigh the risk created by the alleged conduct against the social utility of the alleged conduct. *Id.,* 434-435. Although resolution of the balance between the utility of the conduct and the risk of harm created is normally for the jury, the Court also stated that the court might take the question away from the jury if it found that no reasonable person could find that the social utility was outweighed. *Id.,*

434, 450. We found above that defendant's conduct did not involve a reasonably anticipated injury, *i.e.,* no (or low) risk. We also suggested the scope of activities that would be affected, possibly seriously, by imposing liability in every situation similar to the presently alleged one. We now find, in addition, that given no reasonable risk, it is not reasonable, and no reasonable juror could find, that persons in the position of defendants should face liability for the alleged conduct. The social utility of airports, military bases, public exhibitions, indeed any potentially attractive roadside activity or construction, far outweighs the magnitude of the risk created by the mere presence or the mere conducting of these activities. We emphasize again that our ruling is based on the lack of any allegations that the activities were conducted improperly or in violation of law.

## II. Nuisance

Plaintiffs also argue on appeal that their complaint sufficiently alleged that defendants created a public nuisance in fact by placing the military equipment in plain view of passing motorists. Their "nuisance" claim merely restates their negligence claim which, as discussed above, was correctly rejected by the trial court. We note that courts have treated claims involving a danger to the highway from an adjacent premises interchangeably as either one of nuisance or negligence. Prosser & Keeton, *supra,* p 387.

In Michigan, a nuisance is predicated upon the existence of a dangerous condition. *Rosario v City of Lansing,* 403 Mich 124, 132; 268 NW2d 230 (1978) (opinion by FITZGERALD, J.). A nuisance in fact is a nuisance by reason of circumstances and surroundings and may be found where its natural

tendency is to create danger and inflict injury on a person or property. *Bluemer v Saginaw Central Oil & Gas Service, Inc,* 356 Mich 399, 411; 97 NW2d 90 (1959). Whether or not a particular thing or act is a nuisance is a question of fact for the jury, unless reasonable minds cannot differ. *Melendres v Soales,* 105 Mich App 73, 80; 306 NW2d 399 (1981); *lv den* 413 Mich 916 (1982).

For the same reasons discussed above, that the mere lawful landing of a helicopter and the presence of military equipment within view of a highway does not create an unreasonable risk to drivers, we conclude that these same facts as a matter of law do not constitute a dangerous condition on which a nuisance claim could be based.

Affirmed.