KUHN v ASSOCIATED TRUCK LINES, INC

Docket Nos. 98294, 103083. Submitted May 17, 1988, at Detroit. Decided August 31, 1988.

Timothy Kuhn, whose employer had a highway maintenance contract with the Village of Beverly Hills, was injured while cleaning up some Motrin which had fallen from a truck onto a county road in the village and been pulverized by traffic and dispensed into the air which Kuhn breathed as he worked. It was the breathing of the Motrin that caused his injuries. Kuhn and his wife, Janice L. Kuhn, for herself and as next friend of Wendy M. Kuhn, brought an action in the Oakland Circuit Court against Associated Truck Lines, Inc., which was transporting the Motrin when it fell off the truck, the Oakland County Road Commission, The Upjohn Company, maker of the Motrin, and the Village of Beverly Hills, alleging negligence and nuisance. The court, Fred M. Mester, J., granted summary disposition in favor of defendant The Upjohn Company for failure to state a claim in either negligence or nuisance. It also granted summary judgment in favor of defendant Village of Beverly Hills based on governmental immunity, failure to allege negligence per se and a finding that the village had no intent to create or maintain a nuisance. Plaintiffs appealed each order and the appeals were consolidated.

The Court of Appeals *held:*

1. The court did not err in dismissing plaintiffs' negligence claim against the village. Liability for improperly maintained highways is limited to the single governmental unit having jurisdiction over the road at the time of the injury. The road in question was a county road, maintenance of which was within the exclusive jurisdiction of the county. Thus, the highway

REFERENCES

Am Jur 2d, Highways, Streets and Bridges §§ 104, 273, 311 *et seq.,* 374 *et seq.*

Am Jur 2d, Municipal, County, School and State Tort Liability §§ 159 *et seq.*

See the Index to Annotations under Governmental Immunity or Privilege; Highways and Streets.

exception to governmental immunity did not apply to plaintiffs' claim against the village.

2. The court properly dismissed plaintiffs' nuisance claim against the village. The nuisance exception to the defense of governmental immunity extends only to trespass or intentional nuisances, i.e., trespasses or interference with the use of land caused by physical intrusion that is set in motion by the government or its agents and resulting in personal or property damage. Plaintiffs did not allege a trespass or intruding nuisance.

3. The court properly dismissed plaintiffs' negligence claim against Upjohn. Plaintiffs were not foreseeable to Upjohn, which in turn owed them no duty.

4. The court properly dismissed plaintiffs' nuisance claim against Upjohn. A nuisance is a condition and not an act or failure to act. Plaintiffs' allegations were predicated upon acts of Upjohn and were, therefore, insufficient.

Affirmed.

CYNAR, J., concurred separately to indicate his belief that reliance upon *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139 (1988), was unnecessary in affirming the grant of summary disposition on plaintiffs' intentional nuisance claim against the village.

1. GOVERNMENTAL IMMUNITY — HIGHWAYS.

Liability for improperly maintained highways is limited to the single governmental unit having jurisdiction over the road at the time of the injury (MCL 691.1402; MSA 3.996[102]).

2. GOVERNMENTAL IMMUNITY — HIGHWAYS — COUNTY ROADS — MUNICIPALITIES.

Maintenance of county roads is within the exclusive jurisdiction of the county and a municipality does not acquire concurrent jurisdiction for purposes of tort liability by agreeing to assume responsibility for their maintenance (MCL 224.21; MSA 9.121).

3. GOVERNMENTAL IMMUNITY — NUISANCE.

The nuisance exception to the defense of governmental immunity extends only to trespass or intruding nuisances, i.e., trespasses or interferences with the use of land caused by physical intrusion that is set in motion by the government or its agents and resulting in personal or property damage.

4. NEGLIGENCE — DUTY — FORESEEABILITY.

No duty is owed to an unforeseeable plaintiff.

5. NUISANCE — CONDITIONS.

   A nuisance is a condition and not an act or failure to act.

*Bushnell, Gage, Doctoroff & Reizen* (by *William F. Ager, III*), for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Robert G. Kamenec* and *Joseph V. Walker*), for The Upjohn Company.

*Ulanoff, Ross & Wesley, P.C.* (by *Stuart A. Ulanoff*), for Village of Beverly Hills.

Before: HOOD, P.J., and CYNAR and R. B. BURNS,* JJ.

PER CURIAM. In Docket No. 103083, plaintiffs appeal as of right from an Oakland Circuit Court order granting defendant Village of Beverly Hills' motion for summary disposition under MCR 2.116(C)(7), (8) and (10) because defendant village was immune from tort liability, because plaintiff's complaint failed to allege a claim of negligence per se, and because reasonable minds could not differ in finding that the village had no intent to create or maintain an intentional nuisance. In Docket No. 98294, plaintiffs appeal as of right from an order of the Oakland Circuit Court granting summary disposition to defendant The Upjohn Company under MCR 2.116(C)(8) for failure to state a claim in either negligence or nuisance against Upjohn.

The suit arose from an incident which occurred on September 10, 1983, in which several cases of 600 mg. Motrin, a pharmaceutical drug, fell from an Associated Truck Lines delivery truck into the flow of traffic on Southfield Road within the limits

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

of the village. The cases of Motrin were run over and crushed by traffic, causing the Motrin to pulverize and disperse into the air. Although Southfield Road at the point where the spill occurred is within the limits of the village, it and the streets crossing it at this point are county roads under the jurisdiction of the Oakland County Road Commission.

An Oakland County Road Commission employee inspected the drug spill, concluded that it posed no safety hazard to traffic, and advised the village's public safety department that the road commission was not going to clean up the area. The village then contacted plaintiff Timothy Kuhn, whose employer, Comeau Equipment Co., Inc., had a maintenance contract with the village. Kuhn was not told how to clean up the drug spill, nor told that Motrin was dangerous. In using a broom and shovel to clean up the spill, Timothy Kuhn was exposed to the dust. He sustained serious injuries from his exposure to the Motrin dust.

After the suit was filed, the Kuhns settled with Associated Truck Lines and its employee David Edward Miller. Subsequently, the appealed-from orders of summary disposition were entered as to the village and Upjohn. The Oakland County Road Commission is still a party the lawsuit.

Plaintiffs first claim that the trial court erred in dismissing their negligence claim against the village based on governmental immunity from tort liability. Plaintiffs argue that the village is liable because of the highway exception to the governmental immunity act, which provides that governmental immunity does not extend to improperly maintained roads under the governmental unit's jurisdiction. MCL 691.1402; MSA 3.996(102).

Plaintiffs are correct in their contention that the affidavit of village manager George Majoro, assert-

ing that the Oakland County Road Commission had jurisdiction of the streets involved, did not comply with MCR 2.119(B). This deficiency is not, however, fatal to the village's claim of immunity. The Oakland County Road Commission's answers to the plaintiffs' interrogatories and the deposition testimony of Officer Brown, who is employed by the Village of Beverly Hills Public Safety Department, also established that these roads were under the jurisdiction of Oakland County. The court was at liberty and was required by MCR 2.116(G)(5) to also consider this additional documentary evidence.

MCL 691.1402; MSA 3.996(102), the highway statutory exception to immunity upon which the Kuhns rely, is strictly construed. *Ross v Consumers Powers Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984). Liability for an improperly maintained road is limited to the single governmental agency which has the jurisdiction over the road at the time of the injury. *Smith v Dep't of Transportation*, 157 Mich App 12, 18; 403 NW2d 87 (1987); *Austin v City of Romulus*, 101 Mich App 662, 666-672; 300 NW2d 672 (1980), lv den 411 Mich 955 (1981); *Furness v Public Service Comm*, 100 Mich App 365, 369; 299 NW2d 35 (1980).

Since the Village of Beverly Hills did not have jurisdiction over the roads upon which the Motrin fell, MCL 691.1402; MSA 3.996(102) is inapplicable. Moreover, since the maintenance the Village of Beverly Hills performed upon the roads by removing the Motrin constitutes the exercise of a governmental function, it is immune from tort liability. *Potes v Dep't of State Highways*, 128 Mich App 765; 341 NW2d 210 (1983).

The plaintiff's contention that there existed a genuine issue of material fact as to whether the roads upon which the Motrin fell were within the

jurisdiction of the Village of Beverly Hills is without merit. There is nothing in the record which contradicts the Oakland County Road Commission's sole and exclusive jurisdiction. The plaintiffs themselves did not support their contention with any record citations.

By statute, county roads are placed within the exclusive jurisdiction of the county. MCL 224.21; MSA 9.121. Even where the municipality by agreement assumes maintenance over the county road, this Court refuses to recognize concurrent jurisdiction for purposes of tort liability. *Austin, supra,* pp 667-670; *Furness, supra,* p 369. The Village of Beverly Hills' assumption of the responsibility of cleaning the Motrin from the roads, therefore, did not vest it with concurrent jurisdiction.

After considering all the authority cited and relied upon by plaintiffs and after our review of the record and briefs, we conclude that summary disposition was proper and the trial court did not err.

Plaintiffs also claim that the trial court erred in dismissing their nuisance claim against the village.

To overcome a claim of governmental immunity, a complaint must plead facts in avoidance of governmental immunity. *Smith v Dep't of Public Health,* 428 Mich 540, 591; 410 NW2d 749 (1987); *Ross v Consumers Power Co (On Rehearing), supra,* p 621, n 34 (1984).

In *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139, 153, 170; 422 NW2d 205 (1988), our Supreme Court held that the intentional nuisance exceptions formulated by *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978), were not encompassed by MCL 691.1407; MA 3.996(107). Instead, our Su-

preme Court limited liability of a governmental unit to that type of nuisance recognized prior to 1964. Our Supreme Court held:

> Therefore, we find that plaintiffs will success- fully avoid a governmental immunity defense whenever they allege and prove a cause of action in trespass or intruding nuisance. Trespass-nui- sance shall be defined as trespass or interference with the use or enjoyment of land caused by a physical intrusion that is set in motion by the government or its agents and resulting in personal or property damage. The elements may be summa- rized as: condition (nuisance or trespass); cause (physical intrusion); and causation or control (by government). [430 Mich 169.]

Here, the plaintiffs have not alleged a trespass or intruding nuisance. Rather, the thrust of their complaint alleges the type of nuisance formulated in *Rosario* and *Gerzeski,* which our Supreme Court no longer recognized as an exception to govern- mental immunity. Thus, under *Hadfield,* it appears that the Kuhns have failed to state a claim of nuisance upon which relief could be granted.

Even assuming arguendo that *Hadfield* did not fully abrogate other categories of nuisances as viable exceptions to governmental immunity, the plaintiffs still have failed to state a claim of nui- sance per se upon which relief could be granted or sustain their allegation of an intentional nuisance.

Since nuisance per se is established as a matter of law, the court did not err in finding that plain- tiffs had failed to allege a nuisance per se. As the court recognized, the nuisance created was not the drug spill itself, but rather the location where the drug spill occurred, a well-traveled road.

While it would generally be a question of fact as to whether the village intended to bring about

conditions constituting intentional nuisance, if reasonable minds could not differ based upon the deposition testimony and other documentary evidence, the court could enter judgment as a matter of law. Here it was clear that the Village of Beverly Hills had no intent to create or maintain any nuisance and even took steps to abate it. The court did not err in granting the village summary disposition on the Kuhns' claims of nuisance against it.

Plaintiffs also contend that the trial court erred in dismissing their negligence claim against Upjohn on the grounds that Upjohn had no duty to ensure that Associated Truck Lines would safely transport the Motrin after it left Upjohn's control. We agree with the trial court that the allegations in the Kuhns' complaint do not sustain a negligence claim against Upjohn.

Upjohn and the trial court quite accurately characterize Timothy Kuhn as an unforeseeable plaintiff, like the plaintiff in *Palsgraf v Long Island R Co,* 248 NY 339; 162 NE 99 (1928), to whom no duty is owed. It is unreasonable to charge Upjohn with anticipating that Associated Truck Lines would improperly load the Motrin and cause it to fall off the truck, that the Motrin would be crushed and pulverized by passing traffic on Southfield Road, that a cloud of Motrin dust would arise from the crushed Motrin, that the County Road Commission would refuse to clean up the spill, and that a person such as Timothy Kuhn would be sent to clean up the drug spill and sustain injuries from inhaling the dust. No duty is owed to an unforeseeable plaintiff. *Moning v Alfono,* 400 Mich 425, 439; 254 NW2d 759 (1977). Since no duty was owed, we need not discuss the parties' arguments concerning reasonableness of the risk and proximate cause.

Finally, plaintiffs contend that the trial court erred in dismissing their nuisance claim against Upjohn. We disagree.

"Nuisance is a condition and not an act or failure to act." *Hobrla v Glass,* 143 Mich App 616, 630; 372 NW2d 630 (1985). A claim of nuisance must be predicated upon the existence of a dangerous condition. *Cavaliere v Adults for Kids,* 149 Mich App 756, 763; 386 NW2d 667 (1986).

Plaintiffs argue that Upjohn's acts or omissions caused a dangerous and hazardous condition to be created both on the truck owned by Associated Truck Lines, Inc., and upon the road where the Motrin fell. Because a nuisance may not be predicated upon an act or a failure to act, plaintiffs' nuisance claim is insufficient on its face. The nuisance claim, as the court found, is simply a claim of negligence restated as another tort. Moreover, it cannot be said that the natural tendency of Upjohn's conduct was to create danger and inflict injury upon a person or property. Upjohn's conduct did not create the dangerous condition which the Kuhns argue existed on the road. The court did not err in ruling as a matter of law that the amended complaint failed to state a claim for nuisance upon which relief could be granted.

Affirmed.

CYNAR, J. *(concurring).* In concurring to affirm, I write separately because it is not necessary to rely on *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139; 422 NW2d 205 (1988), in affirming the grant of summary disposition on behalf of the Village of Beverly Hills. Based on the facts in this case, the court did not err in granting summary disposition on the intentional nuisance claim in favor of the Village of Beverly Hills.